Bradley, J.
The action was brought upon a policy by which the defendant insured the plaintiff against loss by fire, $2,000 on her dwelling-house, and $500 on her furniture, etc., in it, for the term of three years from January 20, 1887. The house was destroyed and its contents injured by fire, July 4, 1887. The plaintiff recovered. The question presented is whether there was a breach of any of the conditions of the policy on the observance of which by the plaintiff thd liability of the defendant was dependent. It provided that “the passing or entry of a decree of foreclosure; or sale under a deed of trust; or the taking into possession or custody of the property herein described, or any part thereof, by virtue of legal process or judicial decree; or a dispute as to the title of the property, in any proceeding in law or equity; or the acquiring by a third party of an insurable interest in the property, or any part thereof, by virtue of a mortgage or deed of trust executed by the assured subsequent to the date hereof; or a voluntary assignment of the property for the benefit of creditors; or proceedings under any bankrupt or insolvent law divesting the assured of the absolute right of controlling and disposing of the property; or any change whatever in title or right of possession not herein specified, succession by reason of the death of the assured excepted, —"shall, each and all, cause the immediate termination of this policy, unless otherwise provided by special agreement, clearly expressed in the body of the policy. ” In April, 1881, the plaintiff made to James Wood a mortgage on *703 the premises, to secure the payment of $500 and interest in three years; and on December 21, 1886, a decree of foreclosure of this mortgage in favor of Wood was entered in the clerk’s office of the county in which the property was situated, directing a sale, and out of the proceeds payment to him of $673.33, besides costs. The contention on the part of the defense is that the entry of such decree came within the condition of the policy, and terminated it. This would have been the effect of the entry of such a decree after the date of the policy. But it was entered before that time. And the apparent import and fair construction of the provision, in that respect, of the policy, are such as to embrace within it the entry of a decree subsequently and not prior to the making of the contract of insurance; and therefore the decree in question did not come within the terms of the condition. In Titus v. Insurance Co., 81 N. Y. 410, the decree was entered after the policy there was made. By the terms of the policy in the present case the loss (if any) was payable to Wood as his mortgage interest should appear. His mortgage interest was represented by the decree. It does not appear that any misrepresentation in that respect was made by the assured to the defendant.
In April, 1886, William Hamilton recovered a judgment against the plaintiff for $335.81, and, by virtue of an execution issued upon it, the premises were in October, 1886, sold, bid in by him, and a sheriff’s certificate of sale made to Hamilton, and recorded in the office of the clerk of such county. This sale was before the policy was issued, and at the time of the fire the period for redemption by the plaintiff had not expired. The plaintiff’s title was not divested by the sale, at least so long as her right of redemption continued. Code Civil Proe. § 1440. And she had an insurable interest in the property when the policy was made and at the time of the loss. Cone v. Insurance Co., 60 N. Y. 619. There is no finding that there was a failure to redeem, or that title derived from such sale became vested in another. The insurable interest of the purchaser resulting from the sale having been acquired solely by such purchase before the policy was made, did not come within the terms of the condition, in respect either to time when or the manner in which it was acquired.
As there is no case containing evidence, the facts here for consideration are such only as are found by the referee. The policy is not set out in the record, and the consideration of questions raised upon its provisions is necessarily confined to the clauses that are represented by the referee’s findings. The provision that “if the assured shall, in such application, survey, or plan, or in any statement or description, written or oral, make any misrepresentation as to the character, condition, situation, value, or ownership of such property, or as to the occupancy of the premises, or the exposure thereto, or any other misrepresentation whatever, or fail to make known.every fact material to the risk, including the amount of incumbrance on said property, if any, this policy shall be void, ” apparently had reference to the application for the insurance, and to what might take place at or preceding the time of making the policy and leading to its issue. There is no finding that any application or statement or misrepresentation was in any form made before or at the time the policy was issued. But further consideration will be given to those conditions without such limitation of their application and effect. It may be observed that no provision of the policy appears requiring proofs of loss, or stating how they should be made, or what they should contain. The referee upon that subject has found that “proofs of loss were served on the defendant as required by the policy,” and that in them “it was stated that the property belonged to the plaintiff, and there was an incumbrance on said property amounting to the sum of $1,175.” The proofs were signed and sworn to by the plaintiff. And the policy contained the provision that “an attempt to defraud the company in the matter of a claim for loss, by false swearing or otherwise, shall cause forfeiture of this policy, and all claims for *704 loss hereunder. ” In view of these several provisions of the policy, and of the statement as made in the proofs df loss of amount of incumbrance, it is-contended that the plaintiff was chargeable with misrepresentation, and with concealment of facts material to the risk; also with an attempt, by false swearing, to defraud the company, and that as the consequence her claim under the policy was forfeited. It does not appear that any fact material to the risk, including incumbrance, was concealed from the defendant at the time the policy issued, or that the company was not then in all those respects fully advised. The facts are such only as the referee has found, and the sole question is whether they support his conclusions of law. Code Civil Proc. § 998; Stoddard v. Whiting, 46 N. Y. 627.
The referee found that at the time of issuing the policy, and of the fire, the plaintiff was owner of the premises, subject to the incumbrances or liens, which he had also found. They were the mortgage upon which the decree of foreclosure was entered;'the.judgment, by virtue of the execution issued on which the sale was made, as before mentioned; and another mortgage of $600, made in 1880, to Hamilton; also a judgment recovered by Wood against the plaintiff in June, 1887, for $236.74. It may be assumed upon the finding that at the time the policy was issued all of these liens, except the last-mentioned judgment, existed, and it may perhaps be inferred from it that the amount remained the same, with such judgment added, at the time of the fire. But it is not seen how it can be assumed, or as matter of law held, that the defendant was not advised at the time of making the policy of the incumbrances then upon the premises, or that the plaintiff was chargeable with misrepresentation. And inasmuch as it does not appear that .any provision of the policy required, in the proofs of loss, any statement of the incumbrance, it cannot, as matter of law, be held that the statement in them of the amount as such, less than that of the incumbrance then existing, was an attempt to defraud the company by false swearing. Forfeiture must depend upon breach of an express condition of the policy, and, in view of such consequences, provisions of that character are not extended by construction beyond what their terms clearly import. Hitchcock v. Insurance Co., 26 N. Y. 68, 69; Griffey v. Insurance Co., 100 N. Y. 417, 3 N. E. Rep. 309. The Wood judgment recovered after the policy was issued was not, we think, within the meaning of the term “incumbrance,” as used in the policy. It was but a general lien upon any real property in the county to which the plaintiff then had title, and it produced to the creditor no insurable interest in the land. Owen v. Insurance Co., 57 Barb. 518; Walton v. Hargroves, 42 Miss. 18, 97 Amer. Dec. 429; Grevemeyer v. Insurance Co., 62 Pa. St. 340; 1 Amer. Rep. 420.
The referee also found that, on the day of the service of the proofs of loss on the defendant, its general manager notified the plaintiff that the company disclaimed any liability for the loss, because the policy became null and void prior to the time of the fire, within conditions first above mentioned, and that the proofs of loss were on file subject to the plaintiff’s order. As the defendant then denied its liability, and put its refusal to pay the plaintiff’s claim upon such specific ground, the matter of proofs of loss became unimportant, and may properly have been deemed as waived; and if those furnished were in any respect erroneous, and the plaintiff may otherwise have discovered and sought to correct the error in them, she was not, in view of such waiver, required to do so for the protection of her claim. Brink v. Insurance Co., 80 N. Y. 108; Batchelor v. Insurance Co., 40 Conn. 56; McBride v. Insurance Co., 30 Wis. 562.
The question whether Wood should have been joined as a party requires no consideration, because his non-joinder as such is not pleaded. The íeferee’s conclusions of law seem to have been warranted by the, facts found by him. The judgment should be affirmed. Ail concur.