HITCHCOCK V. STATE INSURANCE CO. OF DES MOINES, IOWA.

The furnishing of formal proofs of loss, as provided by the policy, is waived, where the company has notice of the loss, and refers the matter to its adjuster, who fully investigates it, and leads insured to believe nothing is in the way of a payment of the claim except a difference of opinion as to the value of the property.

(Opinion filed Nov. 9, 1897.)

Appeal from circuit court, Deuel county. Hon. J. O. ANDREWS, Judge.

Action upon a policy of fire insurance. Defendant's demurrer to the complaint was sustained and plaintiff appeals. Reversed.

The facts are stated in the opinion.

*George H. Marquis* and *C. X. Seward*, for appellant.

The law providing for a uniform insurance policy is unconstitutional and void. Dowling v. Ins. Co. (Wis.), 65 N. W. 738; Goss v. Ins. Co., (Wis.), Id. 1036. The waiver of proofs of loss is sufficiently alleged in the complaint. Roberts v. Ins. Co., 62 N. W. 1048; Ins. Co. v. Hammang, Id. 883; Ins. Co. v. Barwick, 54 Id. 519; Kahn v. Ins. Co., 34 Pac. 1059; Wright v. Ins. Co., 31 Pac. 87; Cushing v. Ins. Co., 30. Pac. 736; McCarvel v. Ins. Co., 66 N. W. 367.

*Palmer, Preston & Rogde,* for respondent.

An adjuster has no power to waive a forfeiture. Hollis v. Ins. Co., 65 Ia., 454; Mason v. Ins. Co., 37 Up. Canada Q. B. 437; Western Assur. Co. v. Doull, 16 Ins. Law Journal, 984. Even though he had such power, still, the facts alleged do not constitute a waiver. Engeberteson v. Ins. Co., 58 Wis. 307; Knudson v. Ins. Co., 43 N. W. 954; Rogers v. Ins. Co., 47 Id. 351; Ostrander on Ins., p. 560.

HANEY, J. The only question presented by this appeal is whether the facts alleged in the complaint establish a waiver on the part of defendant of a condition in the policy requiring

proofs of loss to be furnished within 60 days after the fire. The policy was on a dwelling house to the amount of $700, which was destroyed February 7, 1895. The complaint contains the following among other allegations: "That the plaintiff has duly performed all the conditions contained in said policy on his part, and has fully complied with all the requirements of said policy, except rendering to the defendant, within sixty days after said fire, a certain statement in said policy mentioned, said statement being a part of what are usually called 'Proofs of Loss,' and that the rendering of said statement by the plaintiff was by the defendant waived, as hereinafter appears. That at the time of said fire, and at all the times hereinafter mentioned, the plaintiff was a resident of the state of Massachusetts, and absent from the county of Deuel and said state of South Dakota, and that at all the times hereinafter mentioned one Albert D. Williams, of Clear Lake, in said county of Deuel and said state of South Dakota, was the duly authorized and acting agent of the plaintiff in all the matters and things hereinafter mentioned. That immediately after learning of said fire and loss, without unnecessary delay, and on the 20th day of February, A. D. 1895, the plaintiff, by his said agent, gave the defendant notice in writing thereof. That thereafter, and on the 21st day of February, A. D. 1895, the defendant acknowledged in writing to the plaintiff's said agent the receipt by it of said notice, and at the same time informed the plaintiff's said agent that it had referred the matter to one Mr. Roddy for investigation and report. That thereafter and on the 7th day of March, A. D. 1895, the said Mr. Roddy came to the said county of Deuel, and to said premises, and on behalf of the defendant made a full and careful examination of said loss, and fully and carefully inquired into and investigated the time and origin of said fire, and the circumstances thereof and of said loss. That the said Mr. Roddy, after making said examination, inquiry, and investigation, and on the 8th day of March, A. D. 1895, declared and asserted to the plaintiff's said

agent that the said one-story frame building was not worth at the time of said fire $700, and refused to pay to the plaintiff the sum of $700 in said policy specified, but promised the plaintiff's said agent that he, the said Mr. Roddy, would make his report to the defendant, and that he, the plaintiff's said agent, would hear from the defendant within a few days from and after said 8th day of March, A. D. 1895. That the plaint-' iff's said agent, as such agent, relied upon said promise, and upon the fact that the said Mr. Roddy had made said examination, inquiry and investigation; and so relying, believed that the defendant would soon write to him concerning said loss and the payment thereof; and, so relying, believed that the defendant did not desire, but had waived, proofs of loss; and, so relying and believing, was by said promise of the said Mr. Roddy induced and persuaded to wait until he, the plaintiff's said agent, should hear from the defendant concerning said loss and the payment thereof; and, so relying and believing, and being so induced and persuaded, did wait to hear from the defendant concerning said loss and the payment thereof until the sixty days mentioned in the seventh and fifteenth paragraphs of this complaint had elapsed and expired. That the defendant, well knowing that the plaintiff was not in the state of South Dakota, and that the plaintiff was relying on his said agent to collect from it the sum of $700 in said policy specified, and well knowing that the plaintiff's said agent was so relying, as aforesaid, upon said examination, inquiry, and investigation, and upon said promise, and was by said promise so induced and persuaded, as aforesaid, but intending to take advantage of the plaintiff's absence from said state of South Dakota, and of his reliance upon his said agent to collect said sum of $700 for him from the defendant, and of the plaintiff's said agent's reliance upon said examination, inquiry, and investigation and upon said promise and of said agent's belief that the defendant did not desire, but had waived, proofs of loss, and of the fact that said agent was by said promise so induced and persuaded to

wait, as aforesaid, for the purpose of defeating the plaintiff's claim against it for said sum of $700, permitted the plaintiff's said agent, so relying and so induced and persuaded, as aforesaid, to wait, as aforesaid, and did not, after the said 21st day of February, A. D. 1895, write to the plaintiff's said agent, nor did the plaintiff's said agent hear from the defendant, after the said Mr. Roddy had made said promise to him, before the 29th day of April, A. D. 1895. That on said 29th day of April, A. D. 1895, the defendant wrote to the plaintiff's said agent that, owing to the fact that it had been more than sixty days since the said loss occurred, it made no demands for proofs or other requirments of said policy. That at the time he made said examination, inquiry and investigation, and at the time he refused to pay to the plaintiff the said sum of $700, and at the time he made said promise to the plaintiff's agent, the said Mr. Roddy was the authorized and acting adjuster of the defendant fully empowered by the defendant to make the said examination, inquiry and investigation, and to make said refusal, and to make said promise, and to make immediate payment of said loss, without requiring the plaintiff to make proof thereof, or to render the statement in the seventh paragraph of this complaint mentioned.''

The recognized rule in these cases is thus stated in Ostrander on Fire Insurance: "When a company has knowledge of loss, and its adjuster proceeds in the usual manner to ascertain the material facts and compute the damage, has interviews with the insured, makes careful and critical inquiry concerning values, examines books and invoices, and goes away without intimating a desire for further information, the insurer will be estopped from pleading, in defense to an action to recover on the policy, that no formal proof of the loss has been furnished in the manner and time which the policy provides.'' Ostr. Ins. p. 530. Numerous authorities are cited in support of the text, and it is consonant with sound reason. Proofs of loss are required, that the insurer may be informed of such facts as will

enable it to ascertain the extent of its liability, if any. When an agent, employed for the express purpose of ascertaining such facts, has been given an opportunity to learn all that the insurer can possibly need to know, and has intimated no desire for further information, the insured may reasonably conclude that no further information will be required. The authorized and acting agent of the defendant, who was fully empowered by defendant to investigate the loss and make immediate payment thereof, made a full and careful examination, and fully and carefully inquired into and investigated the time and origin of the fire, the circumstances thereof and the loss. He acquired all the information he desired, did not intimate that any more was required, and led the insured to believe there was nothing in the way of a payment of the claim except a difference of opinion as to the value of the property. The case comes clearly within the rule above given. The order appealed from is reversed, and the case remanded for further proceedings according to law.