BENJAMIN et al. v. PALATINE INS. CO., LIMITED, OF LONDON,
ENGLAND, et al.

(Supreme Court, Appellate Division, Second Department. February 11, 1903.)

1. FIRE POLICY—BREACH OF CONDITIONS—ESTOPPEL TO ASSERT.

A fire policy provided that it should be void "if, with the knowledge of the insured, foreclosure proceedings be commenced," etc. Foreclosure proceedings had been commenced more than a year before the policy was issued, which the agent from whom the policy was obtained knew. *Held*, that the company was estopped to assert that the policy was avoided.

Appeal from trial term, Suffolk county.

Action by Hannah F. Benjamin and Hannah Amelia Terry against the Palatine Insurance Company, Limited, of London, England, and John M. Diven. From a judgment in favor of plaintiffs and of defendant Diven, entered on a verdict directed by the court, the insurance company appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOOD-WARD, and HIRSCHBERG, JJ.

John Notman (Michael H. Cardozo, on the brief), for appellant.

William B. Ellison (Arnold L. Davis, on the brief), for respondent plaintiffs.

John M. Diven, pro se.

WILLARD BARTLETT, J. This is an action to recover the amount due on a policy of fire insurance covering property in Florida, and belonging to the plaintiffs. The policy contained a provision declaring that, unless it was otherwise provided by agreement indorsed thereon or added thereto, it should be void "if, with the knowledge of the insured, foreclosure proceedings be commenced, or notice given of sale of any property covered by this policy by virtue of any mortgage or trust deed." It appeared that proceedings to foreclose a mortgage upon the property had been begun on April 20, 1900, more than a year before the issue of the policy, which was on April 27, 1901. There was clear and undisputed proof in the case to the effect that the agent from whom the policy was obtained had knowledge of the pending foreclosure proceedings at the time when he issued the policy. The respondents insist that the language of the provision which we have quoted from the policy refers only to foreclosure proceedings commenced after the issue of the policy, and not to proceedings instituted prior to the time when the policy was issued; and in support of this proposition they cite Chamberlain v. Insurance Company, 51 Hun, 636, 3 N. Y. Supp. 701. Whether they are correct in this proposition or not, we think that, under the New York authorities, the knowledge of the agent who issued the policy that the foreclosure proceedings were actually pending at the time estops the insurer from setting up the pendency of such proceedings as a bar to the maintenance of this action. Wood v. American Fire Ins. Co., 149 N. Y. 382, 44 N. E. 80, 52 Am. St. Rep. 733; Robbins v. Springfield Fire Ins. Co., 149 N. Y. 477, 44 N. E. 159. It is true that the supreme

¶ 1. See Insurance, vol. 28, Cent. Dig. §§ 977, 989.

court of the United States, by a majority vote (the Chief Justice, Mr. Justice Harlan, and Mr. Justice Peckham dissenting), has disapproved of the conclusion reached by our court of appeals in the cases cited. Assurance Co. v. Building Association, 183 U. S. 308, 327, 22 Sup. Ct. 133, 46 L. Ed. 313. Nevertheless, that conclusion is binding upon us here, and it follows that this judgment must be affirmed.

Judgment affirmed, with costs. All concur.