(99 App. Div. 535)

### REILLY v. EMPIRE LIFE INS. CO.

(Supreme Court, Appellate Division, Second Department. December 1, 1904.)

1. INSURANCE—CAPACITY OF AGENT—RELATION OF INSURED.

An insurance solicitor who takes an application is the agent of the insurer, notwithstanding a clause in the contract of insurance providing that the solicitor shall be the agent of the insured as to all statements and answers made in the application; and it is therefore competent, in an action on the policy, to show that the insured gave truthful answers to the agent, who wrote false answers in the application.

Woodward and Jenks, JJ., dissenting.

Appeal from Trial Term, Westchester County.

Action by Benjamin F. Reilly against the Empire Life Insurance Company. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

William Riley, for appellant.
Charles Blandy (Frederick A. Card, on the brief), for respondent.

¶ 1. See Insurance, vol. 28, Cent. Dig. §§ 999, 1001, 1002.

HOOKER, J.   This is an action by the beneficiary to recover the amount of an insurance policy on the life of the insured.   The application for insurance upon the life of the insured stated that he was born November 22, 1845.   The defendant offered proof tending to show that the insured was born prior to or during the year 1842.   In rebuttal the son of the insured was called, and stated that he was present at the time that application for the insurance was made.   The subsequent proceedings are related thus in the record:

"Q. Will you state whether your father said anything about his age at that time? (Objected to as incompetent, for the reason that the application, already in evidence, makes the so-called agent the agent of the insured, and not of the insurance company.   The beneficiary is bound by the application in this certain form in which it was received by the company, and it cannot be contradicted by any parol evidence.)   Plaintiff's Counsel:   I wish to prove by this witness that the agent wrote down false answers, instead of truthful ones which the insured gave, and that the application was not read to him, nor was any of the contents stated.   The Court:   This contract contains an agreement that he is to be the agent of the insured only, and the point is whether that contract can be made, and whether it is binding.   (The objection was sustained, and the plaintiff excepted.)"

The contract of insurance provided, inter alia:

"It Is Hereby Agreed that the answer and statements in this Application (Parts 1 and 2), whether written by myself or not, are warranted to be full, complete and true, and that this Agreement and the Constitution, or By-Laws, Rules and Regulations of the Company with the amendments thereto, together with this Application, are hereby made part of any Policy that may be issued hereon.   That if any misrepresentations or fraudulent or untrue answers or statements have been made, or, if any facts, whether material or immaterial, which should have been stated to the Company, have been suppressed, or, if any of the answers or statements made are not full, complete and true, or, if any condition or agreement shall not be fulfilled as required by such Policy, then the Policy issued hereon, shall be null and void, and all money paid thereon shall be forfeited to said Company.   That the person soliciting or taking this Application, and also the Medical examiner, shall be my Agents as to all statements and answers in this application."

A verdict was directed for the defendant, and the plaintiff appeals.

We are of opinion that it was error to exclude evidence tending to show that the insured gave truthful answers to the agent, and that the latter thereupon wrote false answers in the application.   In Sternaman v. Metropolitan Life Ins. Co., 170 N. Y. 13, 62 N. E. 763, 57 L. R. A. 318, 88 Am. St. Rep. 625, the policy of insurance contained the provision that the persons who wrote in the answers and statements in the application, including the result of the medical examination, were for the purpose the agents of the insured, and not of the company.   It was there held that the stipulation constituting the medical examiner the agent of the insured was ineffectual, and he remained the agent of the insurance company, and did not become that of the insured.   In the course of the prevailing opinion, Judge Vann said (page 19, 170 N. Y., page 764, 62 N. E., 57 L. R. A. 318, 88 Am. St. Rep. 625):

"The power to contract is not unlimited.   While as a general rule there is the utmost freedom of action in this regard, some restrictions are placed upon the right by legislation, by public policy, and by the nature of things.   Parties cannot make a binding contract in violation of law or of public policy.   They cannot in the same instrument agree that a thing exists and that it does not exist, or provide that one is the agent of the other, and at the same time,

and with reference to the same subject, that there is no relation of agency between them. They cannot bind themselves by agreeing that a loan in fact void for usury is not usurious, or that a copartnership which actually exists between them does not exist. They cannot by agreement change the laws of nature or of logic, or create relations, physical, legal, or moral, which cannot be created. In other words, they cannot accomplish the impossible by contract."

It is sought in the case in hand to distinguish between a medical examiner and an agent who solicits the insurance and fills out the application, to the end that the provision in the policy that the solicitor, at least, is the agent of the insured, shall be held to be operative and effectual. The logical result of the reasoning of this court in O'Farrell v. Metropolitan Life Ins. Co., 22 App. Div. 495, 48 N. Y. Supp. 199, leads to a contrary view. It is true that Bernard v. United Life Ins. Ass'n, 14 App. Div. 142, 43 N. Y. Supp. 527, supports the contention, but we are not willing at this time to assent to that doctrine. In our opinion, the reasoning of the Court of Appeals in the Sternaman Case is quite sufficient to extend the rule in respect to medical examiners to the cases where it is sought by the contract to constitute solicitors of insurance the agents of the insured. In relation to the solicitor, the company—

"Created the relation of agency between him and itself by employing him, paying him, etc. It alone could discharge him, and to it alone was he responsible for disobedience or negligence. It could control his conduct by any reasonable instructions, and hold him liable if he violated them." Sternaman v. Metropolitan Life Ins. Co., 170 N. Y. 21, 22, 62 N. E. 765, 57 L. R. A. 318, 88 Am. St. Rep. 625.

Continuing the quotation (page 22, 170 N. Y., page 765, 62 N. E., 57 L. R. A. 318, 88 Am. St. Rep. 625), the language is equally well employed of the agency of the solicitor as the medical examiner:

"Thus we have an agency between the company and the examiner established by mutual agreement, with the right on the one hand to instruct, to discharge, and to hold liable for default, and on the other to compel payment for services rendered. Hence what the examiner did in the course of his employment the company did, and, what he knew from discovery while acting for it, the company knew."

No sufficient distinction can be made between the two classes of agents, and the rule announced in the Sternaman Case relative to medical examiners is applicable here, which leads to the conclusion that it was error to exclude the evidence of the son of the insured. The judgment should be reversed, and a new trial granted.

Judgment and order reversed and new trial granted; costs to abide the event.

HIRSCHBERG, P. J., and BARTLETT, J., concur.

WOODWARD, J. (dissenting). I find myself unable to agree with the court in the decision about to be handed down. The plaintiff offered evidence tending to show that the agent or solicitor who filled out the application blank signed by the deceased did not correctly transcribe the answers. This was objected to on the ground that the contract of insurance provided that:

"The person soliciting or taking this application, and also the medical examiner, shall be my agents as to all statements or answers in this applica-

tion, and no statements or answers made or received by any person, or to the company, shall be binding on the company unless such statements or answers be reduced to writing and contained in this application," etc.

The objection was sustained, and the plaintiff took an exception.

The language of the contract in this case is, in effect, identical with that contained in the contract under consideration in the case of Bernard v. United Life Ins. Ass'n, 14 App. Div. 142, 143, 43 N. Y. Supp. 527; and, while this department declined to commit itself to the doctrine of this case in O'Farrell v. Metropolitan Life Ins. Co., 22 App. Div. 495, 500, 48 N. Y. Supp. 199, I am of the opinion that since the case of Sternaman v. Metropolitan Life Ins. Co., 170 N. Y. 13, 62 N. E. 763, 57 L. R. A. 318, 88 Am. St. Rep. 625, the weight of authority is with the doctrine of the Bernard Case, supra, in so far as it holds that the contract making the "person soliciting or taking this application" the agent of the insured, is binding upon the insured and his beneficiaries. The Sternaman Case carefully distinguishes between the medical examiner, who is hired by the company to make the examination, who is governed by its rules, and to whom the applicant must submit himself for examination, and the solicitor, and points out that the former is, of necessity, the agent of the insurer, from the very nature of his employment, and that facts known to such agent were known to the company, which must be responsible for his fraud or negligence in improperly recording the answers of the insured. While the case does not determine that the solicitor may become the agent of the insured for the purpose of filling out the application blank, this is the necessary inference to be drawn from the discussion. "There is a difference," say the court, "in the nature of the work of filling out the blank to be signed by the insured, and that of filling out the blank furnished for the use of the medical examiner. The former is the work of the insured, and may be done as well by one person as by another. He may do it himself, or appoint an agent to do it for him. It is quite different, however, with the work of the medical examiner, because that requires professional skill and experience, and the insurer permits it to be done only by its own appointee. The insured can neither do that work himself, nor appoint a physician to do it, because the insurer very properly insists upon making the selection itself. The medical examiner was selected, employed, and paid by the company. The insured had nothing to do with him, except to submit to an examination by him, as the expert of the company, and to answer the questions asked by him in behalf of the company," etc. This reasoning is in harmony with the Bernard Case, supra; and we are inclined to the opinion that where the contract provides that the person soliciting the application shall, for the purposes of the answers and statements, be regarded as the agent of the insured, there is no justification for receiving parol evidence that the solicitor has made false entries in the application. The solicitor being authorized to act for the insured in a matter in which the insured might himself act, it is the duty of the party making the application to know that the duty has been faithfully

discharged by his agent; and, the answers being made warranties, the company is not bound by its contract if the representations of the insured are not substantially true.

In the case now before us the contract provides that:

"It is hereby agreed that the answers and statements in this application (Parts 1 and 2), whether written by myself or not, are warranted to be full, complete and true, and that this agreement and the constitution, or by-laws, rules and regulations of the company with the amendments thereto, together with this application, are hereby made part of any policy that may be issued hereon. That if any misrepresentations or fraudulent or untrue answers or statements have been made, or, if any facts, whether material or immaterial, which should have been stated to the company, have been suppressed, or, if any of the answers or statements made are not full, complete and true, or, if any condition or agreement shall not be fulfilled as required by such policy, then the policy issued hereon, shall be null and void, and all money paid thereon shall be forfeited to said company."

There is no dispute that the insured was older than as stated in the policy. This is a fact material in the determination of the cost of insurance, and the relative desirability of the risk; and, the insured having contracted that the person filling out the blank application was his agent, and having guarantied the accuracy and fullness of such answers, we are of opinion that it was not error to exclude evidence tending to show that the blanks were not filled out in harmony with the statements of the insured made at the time. If the statement of age, as made in the application, was not true, it was the fault of the insured, for he had contracted that it should be true, whether written by himself or not; and, as he had a right to make the application himself, he had a right to delegate the work to his agent, and he must be held liable for the errors or frauds of his own agent.

The judgment and order appealed from should be affirmed, with costs.

JENKS, J., concurs.