## FOSMARK v. EQUITABLE FIRE ASSOCIATION.

Independent of statute, and under Laws 1905, p. 191, c. 126, § 2, providing that one soliciting insurance or procuring applications therefor shall be the general agent of insurer, etc., a soliciting agent with authority to solicit applications for insurance and receive premiums is a general agent of insurer, and his knowledge of the condition of the property obtained from insured at the time of the application is the knowledge of insurer.

Where the general agent of insurer knew at the time of an application for insurance solicited by him that the building stood on leased property, and that the property was subject to a chattel mortgage, insurer was estopped from asserting the invalidity of the policy under a stipulation that it should be void on the interest of insured being other than unconditional and sole ownership, or if it should be incumbered, though the policy prohibited the agent from waiving stipulations therein.

Under Rev. Civ. Code, § 1874, providing that defects in notice or proof of loss, which insured might remedy, and which insurer omits to specify as grounds of objection, are waived, an insurer receiving proof of loss without making objections thereto waives any defect therein.

A finding, supported by the testimony of a party, not disproved by the adverse party, will not be disturbed.

Where insurer, in a suit on a fire policy, which stipulated that it should be void on the interest of insured being other than unconditional and sole ownership, or if it should be incumbered, declined to produce the original application, and it appeared that the copy retained by insured had been destroyed, parol evidence that insured informed the soliciting agent that the building stood on leased ground, and that there was a chattel mortgage on the property, was properly received.

(Opinion filed, April 6, 1909.)

Appeal from Circuit Court, Marshall County. Hon. J. H. McCoy, Judge.

Action by C. N. Fosmark against the Equitable Fire Association. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Joe Kirby*, for appellant. *Campbell & Taylor*, for respondent.

CORSON, J. This action was instituted by the plaintiff to recover of the defendant $2,000 upon an insurance policy issued by the defendant to the plaintiff. Findings and judgment being in favor of the plaintiff, the defendant has appealed.

The complaint is in the usual form. The defendant in its answer, after making certain admissions and denials, alleges, in substance: That the plaintiff did not render the defendant a particular account of said alleged loss, as required by the policy; that by the terms of the policy it was provided that: "If the interest of the insured be other than unconditional and sole ownership, * * * or if the subject of the insurance be a building on ground not owned by the insured in fee simple, or if it be personal property and be incumbered by chattel mortgage, said policy should be void." And the defendant alleges that said real property upon which the building was situated was not owned by the plaintiff, and that there was a chattel mortgage upon the stock of goods insured and the building, to secure the amount of $500, which was not communicated to the defendant. The plaintiff, replying to the allegations in the defendant's answer, alleges: "That one J. D. Rogers was appointed solicitor and agent for the defendant corporation to solicit insurance"; that said Rogers solicited from plaintiff the insurance in controversy; that the title to the real estate upon which the building described stood was held by the plaintiff's sister-in-law; that at the time this plaintiff applied for this insurance, he informed the said Rogers that the tract of land upon which said buildings stood was not owned by plaintiff, but that he held the same under and by virtue of a lease; that at the time said Rogers solicited said insurance the plaintiff informed him that the personal property covered by this insurance was mortgaged to one Kenny for $500; that said plaintiff informed said Rogers of these facts at the time the plaintiff signed the application for said insurance; that this defendant, by reason of said knowledge of the fact that this plaintiff did not own the said real estate, and that the stock of goods was incumbered by mortgage, ought not to be permitted to allege that said premises did not belong to this plaintiff, and that said stock of merchandise and property covered by the insurance policy was incumbered.

The court finds the facts substantially as set out in the complaint and in plaintiff's reply to the defendant's answer, and further finds: "That the plaintiff gave to the defendant a written application signed by himself for the above insurance policy, and paid $20 as premium for the same; that the application for this policy was written by Mr. Robers, the soliciting agent; that plaintiff, immediately after the fire, furnished defendant with proofs of loss; that immediately thereafter the defendant sent its adjuster to examine and adjust the loss, who after a personal examination agreed to pay said loss claimed by the plaintiff; that defendant did not at the time of taking plaintiff's application, or at any time, demand of plaintiff a bond to secure any premium arising under the said policy; that defendant never objected at any time to the loss claimed by plaintiff, and never at any time demanded that said loss be submitted to arbitration; that the plaintiff herein has at all times since the date of his application fully and fairly complied with all and every of the conditions contained in said policy by him to be performed."  As conclusions of law, the court finds: "That defendant is estopped from claiming or contending that there was any defect in notice of loss on the part of plaintiff by reason of its neglecting and failing to return said proof of loss and objection thereto at the time of the making thereof. That defendant is estopped and barred from asserting or claiming that plaintiff failed to give an undertaking conditioned to pay the premiums on said policy, by reason of the fact that defendant never at any time prior to the loss of the property insured called plaintiff's attention to the fact that any bond should be given by him.  That defendant is estopped from claiming and asserting that said loss was not submitted to arbitration from the fact that the defendant never objected to the proof of loss submitted by plaintiff, or amount of loss claimed by plaintiff, and led the plaintiff to believe that the same would be by it paid, and never demanded that said loss be submitted to arbitration, and never attempted to arbitrate or adjust said loss in any other manner than to promise plaintiff to pay the full amount of loss claimed by him.  That defendant is estopped from claiming or asserting that there was a mortgage on the property insured at the time of the issuance of the policy, by

reason of the fact that plaintiff fully disclosed to defendant at the time of the application for said policy that such mortgage then existed. That defendant is estopped from claiming or asserting that plaintiff did not own the land upon which the building described in said policy was situated, by reason of the fact that, at the time of the application for said policy, plaintiff fully disclosed to the defendant the fact that he was not the owner of the land upon which said building was situated. That defendant is estopped from claiming or asserting that plaintiff's loss is other or different than the sum of $2,000 on building and stock, by reason of the fact of its having at all times acquiesced in the amount claimed by the plaintiff, and never at any time prior to the commencement of this action having indicated to the plaintiff, directly or indirectly, that it considered the loss to be any other sum or sums than those claimed by plaintiff, to wit, $2,000. That plaintiff is entitled to judgment against the defendant for the sum of $2,000, together with interest thereon from and after the 23d day of August, 1903, being the date of the commencement of this action, and for costs of this action."

The defendant excepted to these findings and conclusions of law, and also presented to the court findings of fact and conclusions of law in behalf of the defendant, which the trial court refused to find. A motion for a new trial was made and denied. The appellant contends that the court erred: First, in the improper admission of testimony; second, in failure of the court to make the findings requested by the defendant; third, in the making of certain specified findings; and, fourth, in the ultimate legal conclusion in favor of the plaintiff.

It will be noticed that the court finds that "Rogers was defendant's agent authorized to solicit applications for insurance and receive premiums." It is contended by the appellant that Rogers being only a soliciting agent, only authorized to solicit insurance and receive premiums, and not a general agent, his knowledge of the condition of the property obtained from the plaintiff was not the knowledge or information of the defendant, and that said Rogers was prohibited by the terms of the policy from waiving the stipulations in the same, which from the findings, it appears, was

sent directly by mail from the home office to the plaintiff, and also that it was not competent for the plaintiff to contradict the stipulations contained in the policy by oral evidence. In Vessey v. Com. Union Assurance Co., 18 S. D. 632, 101 N. W. 1074, this court held that: "The existence of mortgages on insured property at the time a fire policy was issued thereon was no ground for avoiding the policy on the ground that insurer did not know of such fact, where all the facts in regard to the mortgages were fully disclosed to the agent of the insurer who wrote and delivered the policy; the knowledge of the agent being the knowledge of the company." And in the opinion in that case this court said: "It is strenuously contended by the appellant that by the terms of the policy it was provided that none of the provisions of the policy could be waived by any agent or officer of the company unless the same was indorsed thereon in writing. It is insisted, however, by the respondent, that inasmuch as all the facts connected with the mortgages and foreclosure of the same were fully known to the agent, the knowledge of the agent was the knowledge of the principal. We are inclined to take the view that the contention of the respondent is correct and is fully sustained by the weight of authority." The court cited a number of authorities bearing upon this question and quoted the following from Germania Fire Ins. Co. v. Hick, 125 Ill. 361, 17 N. E. 792: "An insurance company that takes a premium for a policy under conditions in respect to matters known to exist that would render the policy invalid will not be permitted to say that it is not a binding contract, for that reason, and the company will be held as having the same knowledge of the condition and situation of the property as that possessed by the agent transacting the business for it." It is true the agent in the Vessey Case was the general agent of the company having power, not only to solicit insurance, but to issue policies for the company; but in the prior case of Harding v. Norwich Union Fire Ins. Society, 10 S. D. 64, 71 N. W. 755, this court held that: "The general agent of an insurance company may, without the knowledge of his principal, employ a soliciting agent, whose waiver of a condition in the policy against incumbrances will bind the company." And the court in that case in its opinion says: "Then

the vital question is whether notice to Kimball was notice to the company. * * * Whatever authority Kimball possessed to represent defendant resulted from his employment by Stilwell. Was the latter, by reason of his appointment as recording agent of the company, authorized to employ a solicitor, and did such employment clothe the solicitor with authority to waive the condition of the policy concerning incumbrances? This inquiry must be answered in the affirmative." It was so answered in effect by the territorial Supreme Court in the case of Lyon v. Insurance Co., 6 Dak. 67, 50 N. W. 483, and in principle by this court, in South Bend Toy Mfg. Co. v. Dakota Fire & Marine Ins. Co., 3 S. D. 205, 52 N. W. 866, where the court used this language: "It is true, Runk & Co. were unknown to defendants, but, in having intrusted Ben Phelon with authority to contract for insurance and issue policies therefor, the company necessarily permitted him to use such methods in examining and determining the character of the risks as he might deem proper." It will be noticed that in the Harding Case Kimball, the soliciting agent, was not even known to the insurance company, but this court held that Stilwell, the general agent of the defendant company, was charged with the knowledge acquired by Kimball, the solicitng agent, and of course, being so charged, the general agent's knowledge would be the knowledge of the company.

There seems to be an irreconcilable conflict in the authorities upon this subject; some of the state courts following the decision of the Supreme Court of the United States in the case of Northern Assur. Co. v. Grand View Bldg. Association, 183 U. S. 308, 22 Sup. Ct. 133, in which that learned court in effect overruled its former decision in the case of the Union Mut. Ins. Co. v. Wilkson, 13 Wall. 222, while others, and in our opinion the larger majority, refuse to follow the later decision of that court and adhere to the rule established in the earlier decision reported in 13. Wall. above cited, and in the latter class are included: Thompson v. Traders' Ins. Co., 169 Mo. 12, 68 S. W. 889; Virginia F. & M. Ins. Co. v. Richmond Mica Co, 102 Va. 429, 46 S. E. 463; German American Ins. Co. v. Yellow Poplar Lumber Co. (Ky.) 84 S. W. 551; Orient Ins. Co. v. McKnight, 197 Ill. 190, 64 N. E. 339;

Benjamin v. Palatine Ins. Co., 80 App. Div. 260, 80 N. Y. Supp. 256; Home Mut. Ins. Co. v. Nichols (Tex. Civ. App. 1903) 72 S. W. 440; Grand View Bldg. Ass'n v. Northern Assur. Co. of London, 73 Neb. 149, 102 N. W. 246; Medley v. German Alli· ance Ins. Co., 55 W. Va. 344, 47 S. E. 101, 2 Am. & Eng. Ann. Cas. 99. This decision contains an exhaustive discussion of the questions presented and · overruled the decision of the Supreme Court of that state in Maupin v. Scottish Union Ins. Co., 53 W. Va. 557, 45 S. E. 1003. See, also, very full notes to that decision on page 112; Sternaman v. Metropolitan L. Ins. Co., 170 N. Y. 13, 62 N. E. 763, 57 L. R. A. 318; Spalding v. Insurance Co., 71 N. H. 441, 52 Atl. 858; Fire Ass'n of Philadelphia v. Yeagley, 34 Ind. App. 387, 72 N. E. 1035; Johnson v. Aetna Ins. Co., 123 Ga 404, 51 S. E. 339; Reilly v. Empire L. Ins. Co., 99 App. Div. 535, 90 N. Y. Supp. 866; German American Ins. Co. v. Yeagley, 163 Ind. 651, 71 N. E. 897, 2 Am. & Eng. Ann. Cas. 275; People's Fire Ins. Ass'n of Arkansas v. Goyne, 79 Ark. 315, 96 S. W. 365, 16 L. R. A. (N. S.) 1180, 9 Am. & Eng. Ann. Cas. 373.

In the latter case the Supreme Court of Arkansas held that: "A fire insurance company may be estopped by the conduct of its agent, acting within the apparent scope of his authority, from availing itself of a false answer to a material question, or of a breach of warranty, or of a violation of the provisions of the application or policy, notwithstanding clauses in the application or policy to the effect that the company shall not be bound by any such conduct or representation of its agent; and such estoppel or waiver may be proved by parol evidence, though the policy or application contains clauses to the effect that no waiver shall be effective unless indorsed in writing on the policy at the home office of the company." The opinion in that case and the two cases argued and decided in connection with it contains a full review of the authorities bearing upon the questions presented in those cases, the facts of which were quite analogous to those presented in the case at bar, and that court in its opinion cites a large number of authorities in addition to those above cited, and quotes quite liberally from many of the cases cited, reaching the conclusion that the great weight of authority sustains the position of that court. To this

case is also added a note citing numerous cases in support of the position taken by the Arkansas court in addition to those cited in the opinion, and also citing many authorities sustaining the contrary view.

In the case of Sternaman v. Metropolitan L. Ins. Co., supra, the learned Court of Appeals of New York held that: "When an applicant for life insurance makes truthful answers to all questions asked by the medical examiner, who fails to record them as given and omits an important part, stating that it is unimportant, the beneficiary may show in an action upon the policy the answers actually given, in order to defeat a forfeiture claimed by the insurer on account of the falsity of the answers as recorded, even if it was agreed in the application that the medical examiner, employed and paid by the insurer, only, should not be its agent, but solely the agent of the insured, and the latter warranted the truth of the answers as they appeared in the application." It will be observed in that case that there was an express stipulation in the application "that the medical examiner employed and paid by the insurer only should not be its agent, but solely the agent of the insured," yet, notwithstanding this stipulation in the application, the court holds that the same was not binding upon the insured, and that the insured, notwithstanding the stipulation, might show that he had made true answers to the medical examiner, who had failed to report the same correctly to the company.

The views expressed by this court in its opinions from which we have quoted, holding a soliciting agent a general agent of the company, seems to have met with the approval of the Legislature of this state, as that body in 1905, in certain additions to the insurance law enacted by it, provided, by section 2, c. 126, p. 191, Laws 1905, that: "Any person who solicits insurance or issues policies of insurance or procures applications therefor, shall be held to be, and considered, the general agent of the insurer issuing the policy or making a renewal thereof, except as to proof of loss and adjustment thereof, and neither the application of the insured nor the by-laws of the company shall be considered as a warranty or a part of the contract of insurance."

It is further contended by the appellant that the particulars of

proof of loss were insufficient; but there is no merit in this contention, as the company received the proofs of loss, made no objection thereto, and it is now too late for it to object to the same Section 1874, Rev. Civ. Code, provides as follows: "All defects in a notice of loss or in preliminary proof thereof, which the insured might remedy and which the insurer omits to specify to him, without unnecessary delay, as grounds of objection, are waived." Angier v. Western Assurance Co., 10 S. D. 82, 71 N. W. 761; Hitchcock v. State Ins. Co., etc., 10 S. D. 271, 72 N. W. 898.

It is further contended by the appellant that the evidence was insufficient to warrant the court's findings that the facts hereinbefore stated were communicated to Rogers, the soliciting agent; but these facts are testified to by the plaintiff and are not contradicted by any witness on the part of the defendant, and, so far as the record discloses, Rogers himself was not called as a witness, nor was there any attempt on the part of the defendant to disprove the statement made by the plaintiff, either by offering in evidence the original application or otherwise.

We are of the opinion that, in the absence of the application itself, the copy retained by the plaintiff having been destroyed by the fire, and the defendant having declined to produce the original application, plaintiff's oral evidence tending to prove that he informed Rogers, the defendant's soliciting agent, that he did not own the ground on which the building stood, but that the same stood upon leased ground, and that there was a chattel mortgage upon the personal property and building to secure the sum of $500, was properly admitted. See cases above cited. If the agent failed to insert these facts in the application it was the fault of the agent and not of the plaintiff, and the defendant must therefore be held charged with the knowledge of the facts communicated to the agent by the plaintiff, at the time the application for the policy was filled out by him.

The appellant's counsel has presented an elaborate brief, citing a large number of authorities; but in the view we have taken of the case it will not be necessary to review them in this opinion. Our conclusion is that the court's findings were clearly sustained

by the evidence, and that its conclusions of law were fully justified by the findings.

The judgment and order denying a new trial are affirmed.

SMITH and McCOY, JJ., not sitting.