THE AMERICAN INSURANCE COMPANY

*v.*

JAMES H. LUTTRELL.

INSURANCE—*estoppel to show facts in defense.* Where a canvassing agent of an insurance company is fully informed of a prior insurance on the same property, but prepares the application so as to make it show there is no other insurance, which application the insured signs, and a policy is issued thereon, the company will be estopped from showing, in defense to an action on the policy, the prior insurance.

APPEAL from the Circuit Court of Randolph county; the Hon. AMOS WATTS, Judge, presiding.

This is an action, brought by Luttrell, against the insurance company, upon a policy covering a period of five years from November 17, 1873, by which the plaintiff was insured in the sum of $1400—on his dwelling house $800, on the barn

and shed adjoining $300, on the grain therein $50, the hay therein $35, and on dwelling house number two $200.

At the time of the execution of this policy appellee held a policy in the Phœnix Insurance Company for $1000, of which $600 was on the dwelling house above mentioned and the remainder on the contents of that house.

It is claimed by appellant that subsequent to the issuing of the policy on which this action is founded, and on the 16th of March, 1874, Luttrell procured another policy from the Phœnix Insurance Co., which was also for the sum of $1000, $600 upon the dwelling house and $400 upon its contents. This alleged fact is inferred by appellant from the date of the policy in the Phœnix Insurance Co. mentioned in an affidavit of Luttrell in his proof of loss. But from the testimony of the witnesses, it would seem that there was but one policy which appellee held in the Phœnix Insurance Co., and it may be that there was an error in the date as mentioned in the affidavit, placing the Phœnix policy in March, 1874, instead of March, 1873. Appellee was induced to take out the policy on which this action is founded by a canvassing agent of appellant. This agent drew up the papers. The proof shows that this agent was furnished with the policy which appellee held in the Phœnix Insurance Co. for $1000, at the time when he prepared the papers, and that he was fully advised of the existence of that policy at that time. First there was prepared an application on behalf of Luttrell, addressed to the appellant company, giving a description of the property and its condition, and in which there are several questions and answers. Among them is the following: "Is there any other insurance on the property? Answer, no." And at the foot of this paper is the following, "The foregoing is a correct description of the property to be insured, on which the insurance will be predicated." This application was signed by Luttrell. In the policy sued upon, reference is made to the written application signed by Luttrell and mentioned above, "for a more particular description" of the property, "and as forming a

part of this policy." And in another part of the policy the following language is found, " The application and description referred to in this paper shall be considered a part of this contract and a warranty by the assured, * * * and any false representations by the assured of the condition, situation or occupancy of the property or otherwise, or any omission to make known any fact material to the risk, * * * or any misrepresentation whatever, either in the written application or otherwise, shall render this policy void and of no effect; and if the assured shall have, or shall hereafter make any other insurance on the property here to be insured, or any part thereof, without the consent of the secretary of this company written hereon, * * * then and in every case this policy shall be void."

On the trial, the proofs tended to show that the house insured was burned in August, 1875, and was then worth $1500; the barn and shed were burned at the same time, worth $300; that the contents of the shed owned by Luttrell, destroyed at the same time, were worth $42. The trial in this case was had at the March term, 1877, and a verdict was rendered in favor of the plaintiff for $640. Defendant moved for a new trial, which was denied, and judgment given upon the verdict, from which defendant appeals to this court.

Mr. J. M. BAILEY, and Mr. J. I. NEFF, for the appellant.

Messrs. JOHNSON & HORNER, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

The first point made by counsel for appellant is, that " the policy sued on was void by reason of the false warranty as to other insurance in the application." This position is well taken, unless the insurance company be estopped from making this defense. In the case of the *Rockford Insurance Co.* v. *Nelson,* 75 Ill. 415, it is said by this court, " If the agent of appellant [insurance company] made out the application for

the insurance with a knowledge of the facts, and there was no collusion in so doing between the agent and appellee, then appellant is bound by its statements as to  *  *  *  the situation of the property," and it is added, such has been the uniform ruling of this court for many years. It is perhaps unnecessary that in this case we should enter into an elaborate discussion of the cases cited pro and con upon this question. It is sufficient to say that we are of opinion that in this case appellant is estopped from setting up as a defense, or alleging, that there was additional insurance not mentioned in the application. Appellee fully disclosed to the agent of appellant, at the time of making the application, that he held this insurance policy in the Phœnix company. He concealed nothing from the appellant or his agent. Appellant, with full knowledge of these facts, accepted the application in the condition in which it was, and issued the policy upon it and accepted the premium which was paid upon it. To hold this policy void under such circumstances would be simply allowing the insurance company to practice an unblushing fraud upon the insured. It was as well known to the insurance company, when they accepted the premium upon this policy and issued it as a valid policy to appellee, that there was additional insurance upon the property, as it is now. Having thus declared it valid to the appellee, the appellee having paid his premium upon the faith of that declaration by the company, the company can not now be permitted to say that it is invalid upon that ground.

It is also claimed by appellant that this policy was rendered void by a subsequent insurance in the Phœnix company.

This allegation is not sufficiently sustained by proof to warrant us in disturbing the verdict upon that ground. It seems more probable that a mistake was made in the date of the policy in the affidavit of Luttrell, wherein this policy is described. It must be remembered that at that time the policy in the Phœnix company was destroyed by fire,—that Luttrell had no copy of it before him. He may have been mistaken in his

recollection of its date, or it may have been a slip of the pen in writing the date in the affidavit. No attempt was made to prove affirmatively that there were two policies, and the whole tenor of the testimony shows that there was but one, and that one was in existence at the time of this insurance, and as above stated was well known to the insurance company.

Exception is also taken to some of the instructions given the jury in this case in behalf of the plaintiff, by the court below, but what we have already said in relation to the first point made by appellant's counsel is sufficient answer to the objections presented in the instructions.

Judgment in this case must be affirmed.

*Judgment affirmed.*