Syllabus.

## THE PHENIX INSURANCE COMPANY

### v.

### SOLOMON HART.

*Filed at Springfield April 2, 1894.*

1. INSURANCE—*waiver of forfeiture for breach of condition.* A provision in a policy of insurance that upon the placing of a mortgage or incumbrance on the premises insured, without the written consent of the insurance company indorsed on the policy, the policy shall become void, may be waived by such company through its agent. Where a building insured was described as situated on a one hundred-acre tract of land, and a mortgage was put on part of the premises without the written permit of the insurer, upon the assurance of the insurer's local agent that the mortgage was all right, and that no permit was necessary because the mortgage was not on the forty acres on which the house stood, the insurance company, with knowledge of the mortgage, can not retain the premium and treat the policy as in force, knowing that the assured was relying upon its validity, until a loss is incurred, and then insist upon the execution of the mortgage as a breach of the condition of the policy.

2. Notice to the agent of an insurance company, at the time of the application for the insurance, of facts material to the risk, is notice to the insurer, and will prevent it from insisting upon a forfeiture for causes within the knowledge of the agent.

3. The tendency of the courts is, that an insurance agent may waive any of the conditions of the policy and bind the company by such waiver, and that his promises and acts, (both of omission and commission,) representations, statements and assurances, made within the scope of his agency, and after knowledge of a breach of condition or of the inaccuracy of the statement in the application, if relied on by the assured, who is himself without fault, may be set up by the insured, either on the ground of waiver or of estoppel, in answer to a claim of forfeiture.

4. SAME—*powers of agents.* The public are authorized to deal with agents of insurance companies upon all subjects within the apparent scope of their authority, the rule being, that an agent clothed with power to act for the company at all is treated as authorized to bind as to all matters within the scope of his real or apparent authority.

5. SAME—*waiver of stipulation in policy.* A stipulation in a policy that the waiver of a condition can only be made by indorsement upon the policy by the general agent, being inserted for the benefit of the insurer, may be waived by the insurer.

33—149 ILL.

6. Same—*notice to agent—waiver or estoppel of forfeiture.* Notice to the agent of an insurance company, of matters falling within the scope of his apparent authority, is notice to the company, and it may be estopped from asserting a forfeiture of the policy by the knowledge of its agent of facts which would justify it in declaring the forfeiture, if it has failed to exercise its right, but, instead, has treated the policy as in force.

Appeal from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Morgan county; the Hon. Cyrus Epler, Judge, presiding.

On September 30, 1886, the appellant company issued its policy to appellee, insuring him against loss by fire to the extent of $3000, upon his dwelling house, for the term of five years. The house was destroyed by fire September 28, 1889. Proof of loss was made, and the policy not having been paid, this suit was brought. By the terms of the policy the application was made part thereof. The insurance was upon the shingle-roofed brick dwelling, occupied as a dwelling, "situated on and confined to premises now actually owned and occupied by the assured, to-wit, one hundred acres, section 28, township 13, range 9, Morgan county, Illinois."

The policy contained the following conditions: "This insurance is based upon the representations contained in the assured's application of even number herewith; * * * and it is agreed that if any false statements are made in said application, * * * or if the property shall hereafter become mortgaged or incumbered, * * * or in case any change shall take place in the title, possession or interest of the assured in the above mentioned property, * * * without consent indorsed hereon, then, in each and every one of the above cases, this policy shall be null and void." The policy contains the further clause: "No agent or employe of this company, or any other person or persons, have power or authority to waive or alter any of the terms or conditions of this policy, except only the general agent at Chicago, Illinois, and any waiver or alteration by him must be in writing."

By the fourth and fifth pleas, and the replications thereto, the question is presented whether there had been a forfeiture of the policy by reason of a breach of the conditions against mortgaging the property without the consent of the company in writing. It is averred in the pleas, among other things, that in and by the application the assured stated and warranted that the house was situated upon a one hundred-acre tract of land owned by him, in section 28, township 13, north, range 9, west, Morgan county, Illinois, and that on September 14, 1887, appellee and wife executed their deed of mortgage to one M. T. Layman, to secure the sum of $1500, due three years after date, at eight per cent interest per annum, upon sixty acres of the one hundred acres described in the application and policy, and that this was done without the knowledge or consent of the insurer. This is the matter relied upon as a breach of said condition of the policy.

Plaintiff set up in replication, among other things, leave having been given to reply double, a waiver of this condition of the policy. Upon this issue the court gave for the plaintiff the following instructions:

"2. If the evidence shows that Upham was the agent of the insurance company at Jacksonville, in the business of insurance of such property as it insured for plaintiff, and that he had the policies of Hart in his possession, and then knew that Hart had mortgaged all the one hundred acres of land mentioned in the policy, except one forty acres on which the house or building insured stood, and if the evidence shows that said policy, on its face, shows that the lands named in said policy consisted of one hundred acres, and if the evidence further shows that Hart told Upham, at the time, that he had made the mortgage to Layman, and asked Upham if it was necessary to have the same indorsed with a permit or consent to mortgage the property, of the company, and that Upham told him (Hart) that it was not necessary, and that it was only necessary to have a permit for a mortgage for the forty-acre

tract on which the house stood, then, in law, under such facts, if proven, the defendant waived the forfeiture in said policy.

"3. The court further instructs the jury, that under the insurance policy in evidence is a provision that in case any mortgage or incumbrance is put on the property insured, without written consent of the insurance company indorsed on the policy, said policy shall become void; yet, in law, such forfeiture may be waived by the insurance company, and in this case, if you find, from the evidence, that a mortgage was put on said premises without the written consent or permit of the defendant, still, if the evidence shows that very soon after the execution of said mortgage Hart went to Upham, and that Upham was then the agent of said insurance company in the business of insuring such property as it insured for plaintiff, and told him of said mortgage, and that said Upham stated to him that it was all right, and that there need be no permit or consent of the company indorsed on the policy allowing said mortgage because it was not on the forty-acre tract on which the house stood, then, in law, said conduct of said agent would be a waiver of said forfeiture, and under this state of facts, if proven, the mortgage would not make void the policy."

And the court refused the following instruction asked by defendant:

"The court further instructs the jury, for the defendant, that if it is admitted by the plaintiff, or proven by a preponderance of the evidence, that after the policy in evidence was issued to the plaintiff, he (the plaintiff) mortgaged to M. T. Layman sixty acres of the one hundred acres of land specified in the policy as the one hundred acres upon which the building insured was situated, without having the consent of the defendant to so mortgage the same indorsed upon the policy by the general agent at Chicago, then the jury must find their verdict for the defendant."

The rulings of the court upon these instructions present the only questions suggested by counsel in this court.

Trial in the court below resulted in verdict and judgment for the plaintiff for $2000, which, on appeal to the Appellate Court, was affirmed.

Mr. JOHN A. BELLATTI, for the appellant:

A principal may limit the authority of his agent, and when the party dealing with such agent knows, or, as a prudent man, ought to know, of such limitation, he deals with him, in reference to matter in excess of his power, at his peril. 2 Wood on Insurance, 844, 863, 888; *Messereau* v. *Insurance Co.* 66 N. Y. 274; *Insurance Co.* v. *Holzgrafe*, 53 Ill. 516.

Mr. ELBERT H. GARY, also for the appellant:

A waiver is created only where there is an express contract, for a consideration, to waive, or where one has acted to the prejudice of another in such a manner as to mislead him, so that the doctrine of estoppel *in pais* applies. *Underwood* v. *Insurance Co.* 57 N. Y. 500; *Ripley* v. *Insurance Co.* 30 id. 136; Wood on Insurance, (2d ed.) 943.

When the assured is notified of the limitation of the authority of an agent, the former can not rely upon the acts of the latter in excess of his authority. *Guernsey* v. *Insurance Co.* 17 Minn. 111; *Catoir* v. *Insurance Co.* 33 N. J. 487; *Bouton* v. *Insurance Co.* 25 Conn. 542; *Insurance Co.* v. *School Directors*, 4 Bradw. 145; *Galbraith* v. *Insurance Co.* 12 Bush, 29; *Vose* v. *Insurance Co.* 6 Cush. 42; *Lowell* v. *Insurance Co.* 8 id. 127; *Insurance Co.* v. *Smith*, 3 Col. 422; *Insurance Co.* v. *Mowry*, 6 Otto, 544; *Deitz* v. *Insurance Co.* 38 Mo. 85; *Bush* v. *Insurance Co.* 2 F. & C. 629; *Payne* v. *Potter*, 9 Iowa, 549; *Beach* v. *Vandewater*, 1 Sandf. 265; *Hunt* v. *Chapin*, 6 Lans. 139; *Baxter* v. *Lamont*, 60 Ill. 237; *Morris* v. *Watson*, 15 Minn. 12; *Heath* v. *Insurance Co.* 58 N. H. 414; Wood on Insurance, (2d ed.) 841, 845, 870, 1175, and citations.

The incumbrance avoids the policy. *Schunitz* v. *Insurance Co.* 48 Wis. 29; *Carpenter* v. *Insurance Co.* 16 Pet. 510; Wood on Insurance, 148.

Messrs. MORRISON & WHITLOCK, for the appellee:

Considering the power of agents, by their acts, to waive forfeitures and conditions in policies of insurance, and in which our courts have held that they have waived both forfeitures and conditions, we cite the following authorities: *Insurance Co.* v. *Schettler*, 38 Ill. 166; *Insurance Co.* v. *Eddy*, 55 id. 213; *Insurance Co.* v. *Stanton*, 57 id. 354; *Insurance Co.* v. *Ives*, 56 id. 402; *Insurance Co.* v. *Jones*, 62 id. 458; *Insurance Co.* v. *Cary*, 83 id. 453; *Insurance Co.* v. *McKee*, 94 id. 494; *Insurance Co.* v. *Chipp*, 93 id. 96; *Insurance Co.* v. *Ward*, 90 id. 545. And to the same effect see Wood on Insurance, (ed. of 1878,) p. 683, sec. 407; p. 838, sec. 497; p. 640, and notes.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

The policy sued on insured appellee against loss or damage by fire upon his brick dwelling, which was represented to the company as being situated upon a one-hundred-acre tract of land described, and owned by assured. That the house was destroyed by fire during the continuance of the policy, and due proof of loss was made, and other provisions of the policy complied with by the assured, is not questioned. The defense insisted upon was, that there had been a forfeiture of the condition of the policy that "if the property shall hereafter become mortgaged or incumbered" without consent of the company indorsed thereon, then the policy should be null and void.

It appears that the policy was dated and in force September 30, 1886, and that on September 14, 1887, the assured, joined by his wife, executed a mortgage to one M. T. Layman, to secure $1500, payable in three years, at eight per cent interest per annum, which was duly acknowledged and recorded, upon sixty acres of the one-hundred-acre tract upon which the house was represented as being situated. The one hundred

acres consisted of an eighty-acre tract and two adjoining ten-acre tracts. The house was situated on the north forty of the eighty, and the mortgage was on the south forty and the two ten-acre tracts. In the condition of this record we are not called upon to determine whether the execution of such mortgage, in the absence of evidence showing diminution or depreciation thereby in the value of the house insured, was a breach of the condition of the policy or not. The fourth plea, after setting up the condition, alleged a breach thereof by mortgaging the entire premises to Layman, etc. The fifth plea alleged, as a breach of the condition, the execution and delivery of the mortgage upon the sixty acres of the one hundred acres upon which the house was located. Upon each of these pleas issue was taken, and by the second and third replications it is averred that the defendant, with due notice of said mortgage, waived the forfeiture in said pleas mentioned, and said condition of the policy. The only difference in the replications is, that the second pleads a waiver generally, while the third sets out the facts relied upon as constituting the waiver, and that thereby the defendant company waived the forfeiture in the pleas mentioned, etc. The case was tried upon this issue, and we need not notice the pleadings further, as the question of whether there was a waiver of the forfeiture is directly presented in the rulings of the court upon instructions.

By the judgment of the trial and Appellate courts every controverted question of fact material to sustain the case of the plaintiff below has been settled in his favor and adversely to appellant, and we need examine the facts only so far as necessary to determine whether the court erred in the instructions given and refused. If other errors have intervened they have been abandoned in argument in this court, and need not be considered.

There was evidence tending to show that appellant was a foreign insurance company, with its principal office for this

State in Chicago; that one B. R. Upham was local agent of the defendant company at Jacksonville, and had been acting for the company continuously, as its agent, from 1873. This policy, however, was not written by Upham, but by another solicitor and agent of the company. About the time of the making of the mortgage to Layman, appellee, through said Upham, secured a loan upon the forty acres upon which the house was situated, of $2000, from one Metcalf, and executed his notes and mortgage on said forty-acre tract to secure the same, said loan being consummated about two weeks after the making of the Layman mortgage upon the other sixty acres. At that time appellee took his policy to Upham and delivered it into his possession, for the purpose, as they both agree, of having it forwarded to the Chicago office for the consent of the company to the making of this mortgage to Metcalf. Appellee then told Upham of the mortgage to Layman upon the sixty acres, and asked him if consent of the company was necessary to that mortgage to preserve the validity of his insurance, and Upham replied that it was only necessary on the forty acres the house stood on. By an arrangement between Upham and appellee the policy was assigned to Metcalf as additional security to the loan. The policy was taken by Upham, forwarded to the Chicago office by him, and consent to the Metcalf loan indorsed upon it, returned to Upham and by him delivered to Metcalf.

The jury were justified in finding that Upham was held out to the public as the local agent of the company for the transaction of its business of insurance, and that appellee acted in reliance upon his declarations and statements as such agent. Under this state of facts, which the evidence tended to establish, the court instructed the jury, that if Upham was the agent of defendant in the business of insurance of such property as it insured for plaintiff, and that the policy was delivered to him by plaintiff, showing, on its face, that the lands named in the policy consisted of a one-hundred-acre tract,

and that plaintiff then told him of the mortgage to Layman, and that Upham then assured plaintiff that there need be no permit or consent of the company indorsed on the policy as to said mortgage because it was not on the forty-acre tract on which the house stood, there was a waiver of forfeiture on the condition named; and refused to instruct the jury that the mortgaging of the sixty acres to Layman, without having the consent of the company thereto indorsed on the policy by the general agent at Chicago, rendered the policy void, etc.

That appellee acted in good faith, and endeavored to keep the policy in force, does not admit of question. There could have been no other purpose in delivering the policy to Upham to obtain consent of the company to the making of the Metcalf mortgage. And it is equally clear that appellee relied upon his policy as indemnity against loss, and but for the representations of Upham would either have procured the consent of the company to the Layman mortgage or ceased to so rely upon it. It is not seriously questioned that if the company is bound by the knowledge and conduct of Upham it is estopped from insisting upon the alleged forfeiture. It can not be contended that the company, with knowledge of the execution of the mortgage to Layman, could retain the premium, treat the policy as in force, knowing that the assured was relying upon its validity, until a loss occurred, and then insist upon the execution of the mortgage as a breach of the condition of the policy. And especially would this be so, where, upon full knowledge of the fact by the company, the insured was induced to rely upon the indemnity afforded by the policy, by the affirmative representations of the company that no indorsement of consent to the execution of the mortgage was necessary to the continued validity of the policy. *New England Fire and Marine Ins. Co.* v. *Schettler*, 38 Ill. 166; *Ætna Ins. Co.* v. *Maguire*, 51 id. 342; *Eclectic Life Ins. Co.* v. *Fahrenkrug*, 68 id. 463; *Lycoming Fire Ins. Co.* v. *Ward*, 90 id. 545; Wood on Fire Insurance, 1163, and cases in note 2.

The cases are not uniform throughout the country in respect of when notice to or knowledge of the agent, or representations by him, will bind the company. In this State, however, the decisions are uniform that notice to the agent, at the time of the application for the insurance, of facts material to the risk, is notice to the insurer, and will prevent it from insisting upon a forfeiture for causes within the knowledge of the agent. *Atlantic Ins. Co.* v. *Wright*, 22 Ill. 473; *Farmers and Merchants' Ins. Co.* v. *Chestnut*, 50 id. 116; *Commercial Ins. Co.* v. *Ives*, 56 id. 402; *Andes Ins. Co.* v. *Fish*, 71 id. 620; *St. Paul Fire and Marine Ins. Co.* v. *Wells*, 89 id. 82; *American Ins. Co.* v. *Luttrell*, id. 314; *Union Ins. Co.* v. *Chipp*, 93 id. 96; *Germania Fire Ins. Co.* v. *McKee*, 94 id. 494; *Phenix Ins. Co.* v. *Stocks*, ante, p. 319.

Whether facts occurring subsequently to the issuance of the policy, and coming to the knowledge of the agent, will charge the principal, has been the subject of less frequent adjudication. The case of *Illinois Fire Ins. Co.* v. *Stanton*, 57 Ill. 354, is in many respects similar to the case at bar. There the policy contained a clause rendering it void in case of alienation, without an assignment of the policy duly confirmed by the board of directors of the company, and indorsed on the back of the policy by the secretary thereof. A sale was made, of which the local agent was notified, and his advice asked as to the proper course to pursue. He replied that the policy would remain good until it could receive the proper indorsement at the home office. Thereupon the sale was consummated, but before the consent was in fact given by the company the building was destroyed by fire. The court held the company bound by the act of its agent, and that it was estopped thereby from insisting upon the forfeiture. In *Williamsburg City Fire Ins. Co.* v. *Cary*, 83 Ill. 453, the goods had been removed from the building in which they were at the time they were insured, and the court says that the company might well treat the removal of the goods as a breach of the warranty implied from

a description of the location of the goods, and declare the policy forfeited. After the goods had been removed to the place where they were subsequently destroyed, the company's local agent was notified of the removal and asked to consent to carry the risk in the new location, and, as it was found, consented. The notice to the agent is there treated as notice to the company, and the company retaining the premium and not electing to cancel the policy, and thereby enable the insured to re-insure, is held liable under its policy. It is said in May on Insurance, 145, that "the tendency of the courts, generally, is daily becoming more decided to hold that such an agent may waive any of the conditions of the policy and bind the company by such waiver, and that his promises and acts, (both of omission and commission,) representations, statements and assurances, made within the scope of his agency, and after knowledge of a breach of condition or of the inaccuracy of the statement in the application, if relied upon by the assured, who is himself without fault, may be set up by the insured, either on the ground of waiver or of estoppel, in answer to a claim of forfeiture." See cases in note 2, 11 Am. and Eng. Ency. of Law, pages 339, 340.

It is unnecessary to extend this opinion by the citation of authority showing that the public are authorized to deal with agents of insurance companies upon all subjects within the apparent scope of their authority, the rule being, that one clothed with power to act for them at all, is treated as authorized to bind as to all matters within the scope of his real or apparent authority.

It is, however, insisted, that by the terms of the policy a waiver of its conditions could only be made by the general agent at Chicago, and that, therefore, waiver of the condition by the local agent would not be binding upon the company, and that appellee, having notice of the stipulation, could not have been misled to his prejudice by the conduct of Upham. That he was thus misled, if the company be now permitted to

insist upon the non-indorsement of consent to the Layman mortgage as a cause of forfeiture, does not, under the proof, in this case, admit of question.  He applied to the agent, who was clothed with apparent authority to transact the business of the company and contract for it in respect of insurance, for information as to whether such indorsement was necessary or not.  The agent was about to send forward to the company the policy then delivered to him, to obtain the indorsement of consent for the Metcalf mortgage upon the forty acres upon which the house was situated, for the sole purpose of keeping the policy in force, and but for the information given by the agent that no indorsement of the Layman mortgage on the sixty acres of land was necessary, it may well be presumed that like consent would have been asked and given as to that mortgage, and, in consequence, the insured relied upon the validity of the policy, without question on the part of the company, until after the loss of the property by fire two years subsequently.  The stipulation in the policy that the waiver could be made only by indorsement upon the policy by the general agent at Chicago was inserted for the benefit of the insurer, and, like any other clause or condition of the policy, might be waived by the company.  As we have seen, notice to the agent of matters falling within the general scope of his apparent authority is notice to the principal, and the company may be estopped from asserting a forfeiture of the policy by the knowledge of its agent of facts which would justify it in declaring the forfeiture, which right it has failed to exercise, but instead has treated the policy as in force. Here, the agent of the company, and therefore the company, knew of the Layman mortgage.  At the time only about one-fifth of the premium had been earned.  It knew, not only by the statements of the agent, but by the application for indorsement of consent to the making of the Metcalf mortgage, that appellee was relying upon the policy.  Yet it failed to claim a forfeiture of the policy, retained the premium, and

permitted the policy to remain apparently in force for two years, and until the destruction of the property by fire, when for the first time it seeks to assert forfeiture. Independently of whether the local agent was authorized to waive the indorsement of consent upon the policy, the company being chargeable with notice of the fact that the assured was relying upon the policy as valid insurance, and having failed to exercise its right of forfeiture until a cause of action accrued upon the policy, must be held to have waived the necessity of such indorsement of consent. It would be most inequitable to permit the company to insist upon the forfeiture after the fire, when, by its silence and apparent acquiescence in the validity of the policy, the assured had been led to rely thereon and prevented from obtaining insurance elsewhere.

We are of opinion that the company was estopped from insisting upon the forfeiture set up in its pleas, and while the instructions given may not have been technically correct, they stated the law applicable to the facts of the case with substantial accuracy.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*