THE ORIENT INSURANCE COMPANY

*v.*

J. T. MCKNIGHT.

*Opinion filed June 19, 1902.*

1. INSURANCE—*provision against increasing hazard may be waived.* A provision in an insurance policy that the entire policy will be void if the hazard is increased by any means within the control of the insured may be waived, as may also a provision that any waiver of the conditions of the policy must be written upon the policy.

2. SAME—*what is sufficient to authorize the jury to find that provision was waived.* In an action on a fire policy for loss of certain cribs of corn, the jury are authorized to find that a provision of the policy against increasing the hazard was waived, under evidence that the insured told the company's agent that he was about to begin shelling corn with a steam sheller and the agent said it would be all right.

*Orient Ins. Co.* v. *McKnight*, 96 Ill. App. 525, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Knox county; the Hon. GEORGE W. THOMPSON, Judge, presiding.

D. J. & D. J. SCHUYLER, Jr., and CARNEY & CARNEY, for appellant.

WILLIAMS, LAWRENCE & WELSH, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The appellee obtained a judgment against appellant on its policy insuring certain cribs of corn belonging to appellee from loss by fire. The judgment was affirmed

by the Appellate Court, and the appellant company took this its further appeal.

Appellee had been engaged in shelling the corn with a steam corn-sheller, and late at night, on or about September 14, 1899, the cribs took fire and they and the corn in them were destroyed. The policy contained the following provisions: (1) That the entire policy should be void if the interest of the insured in the property be not truly stated therein; (2) that the entire policy should be void if the hazard be increased by any means within the control or knowledge of the insured; (3) that the entire policy should be void if the interest of the insured be other than unconditional and sole ownership; and (4) that "this policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements or conditions as may be endorsed hereon or added hereto; and no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement endorsed herein or added hereto, and as to such provisions and conditions no officer, agent or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto; nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

The principal defense was, that in shelling his corn with a steam sheller set near the cribs the hazard was increased by the insured, and that the policy thereby became void under the second condition of the policy above set out. While not conclusive, there was evidence to prove that the fire originated from the engine, and that the hazard was increased by shelling the corn in the manner adopted. But these were questions of fact which have been finally disposed of by the judgment of

the Appellate Court, and although appellant asked the court to instruct the jury to find for the defendant, we would not be authorized to say, as a matter of law, under all the evidence, that the hazard was increased and that the instruction should have been given. But even if the hazard was increased in violation of said second provision of the policy, there was sufficient evidence upon which the jury were authorized to find that appellant had waived this provision. The plaintiff testified that he notified the defendant's agent when about to begin the work of shelling and shipping the corn, that he intended to shell it with a steam sheller, and that the agent said it would be all right. Such waiver was not written upon or attached to the policy, in compliance with its fourth provision, but we have held that such a provision may also be waived. (*Phenix Ins. Co.* v. *Hart,* 149 Ill. 513; *Dwelling House Ins. Co.* v. *Dowdall,* 159 id. 179; *Phenix Ins. Co.* v. *Caldwell,* 187 id. 73.) Such provisions, being for the benefit of the company, may be waived by it, and when having knowledge of the fact it should not be permitted to retain the money of the insured and treat the policy as in full force until a loss occurs, and then for the first time seek to avoid the policy. Counsel for appellant have referred to cases holding otherwise, including *Northern Ins. Co.* v. *Grand View Building Ass.* decided by the Supreme Court of the United States at its October term, 1901, by a divided court; but we have adopted a different rule in this State, and it must be applied in this case.

Criticisms are made upon the rulings of the court in reference to the evidence and in instructing the jury, but in the main they relate to the same question above mentioned and need not be here commented on.

After consideration of the arguments and of all the questions raised we find no sufficient cause to reverse the judgment. It will therefore be affirmed.

*Judgment affirmed.*