## Phenix Insurance Company v. William A. Grove.

1. INSURANCE POLICY—*what will not avoid.* The mere fact that, contrary to the terms of the policy, other insurance has been obtained by the insured, will not render such policy absolutely void.

2. WAIVER—*construction of clause of insurance policy pertaining to.* A provision in an insurance policy to the effect that any waiver of any of the terms thereof shall be written upon or attached to the policy, may itself be waived.

3. FORFEITURE—*when insurance company estopped to insist upon.* If additional insurance is by the insured placed, contrary to the terms of his policy, and notice thereof given to such company, or to its agent, or if actual knowledge of such fact is brought home to the company and no objection is made, the company will be estopped from insisting upon a forfeiture because its consent was not endorsed upon the policy.

Action of assumpsit. Appeal from the Circuit Court of McDonough County; the Hon. GEORGE W. THOMPSON, Judge, presiding. Heard in

this court at the May term, 1904.   Affirmed.   Opinion filed October 14, 1904.

ELTING & O'HARRA, for appellant.

NEECE & SON, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in assumpsit by appellee against appellant upon a policy of insurance issued by it to appellee on September 11, 1902.   The property covered by the policy was destroyed by fire on January 29, 1903.   The policy of insurance sued upon and which was set out *in haec verba* in the declaration, contained the following conditions and agreements:

" This entire policy, unless otherwise provided by agreement endorsed hereon; or added hereto, shall be void, if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy.

This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements or conditions as may be endorsed hereon or added hereto, and no officer, agent or other representative of this company shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

To the declaration pleas were filed which set up in substance the foregoing conditions and agreements, and further that on October 30, 1902, the appellee procured another policy of insurance, in another company, for $500, covering the same property in whole or in part, without having any agreement therefor with the defendant, endorsed thereon, or added thereto, and without any notice whatever, to the appellant.

To said pleas the plaintiff filed replications averring in substance: first, that after procuring the additional insurance plaintiff verbally notified the agent of defendant that

he had ·done so, and that defendant made no objection thereto and failed to cancel its policy, whereby it then and there waived said conditions and stipulations; second, that after the making and procuring of said additional insurance the defendant had notice and knowledge of the making and procuring of the same and consented thereto, not in writing, and thereby waived the said conditions and stipulations; and third, that after plaintiff had procured such other insurance, he verbally notified the agent of defendant thereof, and that defendant, although it had notice of such other insurance, made no objection thereto, and failed to cancel its policy, whereby it waived said conditions and stipulations.

The defendant filed a general and special demurrer to said replications, which was overruled. The defendant having elected to abide thereby, the court, after hearing evidence as to the amount due on the policy, rendered judgment against the defendant for $1,685.93, from which the defendant appeals.

The only question presented to us for determination is as to the sufficiency of the replications. Counsel for appellant contend that a breach of the condition as to other insurance, would render the policy *ipso facto, eo instanti.* void, and that subsequent verbal notice to the insurer thereof would not constitute a waiver of the condition for the reason that no waiver could be created without a consideration, and for the further reason that such waiver was not in writing and endorsed upon or attached to the policy.

We have been cited to no cases which support appellant's contention that such breach would render the policy *ipso facto, eo instanti* void. On the contrary, it seems to be well settled that a provision in a policy of insurance that it shall become void in a certain event, will not render it absolutely void upon the happening of such event, but that such provision, being for the benefit of the insurer, may be waived by the latter. Ins. Co. v. Armstrong, 145 Ill. 469; Ins. Co. v. Hart, 149 Ill. 513; Ins. Co. v. McKnight, 197 Ill. 190. The only effect of the breach is to render the policy inoperative and void at the time of the loss; but a waiver

of the condition, or of the forfeiture consequent upon its breach, or facts upon which the insurer should be held to be estopped to avail itself of the condition, may be shown in avoidance of the breach. Ins. Co. v. Weary, 4 App. 74.

A provision that a waiver shall be written upon or attached to the policy may also be waived. The rule announced in Assurance Co. v. Grand View Building Ass'n, 183 U. S. 308, cited by appellant, has been expressly held not to be the law in Illinois. Orient Ins. Co. v. McKnight, 197 Ill. 190.

It is also the law that if notice be given to an insurance company or its agent, of additional insurance on the property insured, or if actual knowledge is brought home to the company that other insurance exists or has been obtained, and no objection is made thereto, the company will be estopped from insisting upon a forfeiture because its consent was not indorsed upon the policy. Ins. Co. v. Johnston, 143 Ill. 106; Ins. Co. v. Hart, 149 Ill. 513; Ins. Co. v. Cary, 83 Ill. 453.

We are of opinion that the matter set up in the replications under consideration was sufficient to constitute a waiver of the condition against other insurance, as well as to estop appellant from insisting upon a forfeiture by reason of the breach thereof. Having knowledge of a breach of condition of a policy, an insurer cannot be permitted to retain the money of the insured and treat the policy as in full force until a loss occurs, and then for the first time seek to avoid the policy.

The demurrer to the replications was properly overruled, and the judgment of the trial court will be affirmed.

*Affirmed.*