## Fannie Scott, Appellee, v. Bankers' Auto Insurance Association, Appellant.

1. APPEAL AND ERROR—*waiver of assignment of error by failure to argue.* An assignment of error on the sustaining of a demurrer to a special plea which was not argued was deemed waived.

2. INSURANCE—*question as to person making answers to application for automobile policy as one of fact.* Where the evidence was conflicting as to whether questions in an application for automobile insurance and in the proof of loss, relating to the model of the car, were answered by the insured or whether the agent supplied the information, it was for the jury to say what the evidence was in regard thereto.

3. INSURANCE—*notice to agent as effecting waiver of forfeiture of policy for misstatement in application.* Notice to the agent, at the time of the application for the insurance, of facts material to the risk, is notice to the insurer, and will prevent it from insisting upon a forfeiture for causes within the knowledge of the agent.

4. INSURANCE—*effect of misstating model of automobile in application for policy.* A statement in an application for automobile insurance that the model was one of 1915 instead of 1912 did not of itself bar the insured from recovering.

5. INSURANCE—*effect of misstating cost of automobile in application for policy.* A statement in an application for automobile insurance that the machine had cost $800 instead of $700 did not amount to a warranty and was not, under the circumstances, such a misstatement as vitiated the policy.

6. APPEAL AND ERROR—*remittitur as curing error in refusing instruction stating maximum recoverable.* In an action to recover under an automobile insurance policy, error in refusing an instruction stating that under the terms of the policy plaintiff's damages could not exceed a stated amount could be cured by a remittitur.

Appeal from the City Court of East St. Louis; the Hon. SILAS COOK, Judge, presiding. Heard in this court at the October term, 1921. Affirmed on remittitur; otherwise reversed and remanded. Opinion filed March 24, 1922.

KRAMER, KRAMER & CAMPBELL and R. E. COSTELLO, for appellant.

BEASLEY & ZULLEY, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

An action in assumpsit was instituted by appellee against appellant in the City Court of East St. Louis on a policy of insurance issued by appellant to appellee on her automobile.

The declaration, consisting of one count, is based upon an insurance policy issued by appellant to appellee, dated July 30, 1919, on her automobile, insuring her against loss by fire, in an amount not exceeding $625, and for damages by collision, etc. To said declaration appellant filed a plea of the general issue and two special pleas. The first special plea alleges, in substance, that appellee, in an application for insurance and otherwise, misrepresented the model of said automobile and the price paid therefor. The second special plea alleges, in substance, that appellee did not pay the premium and assessments due upon said policy or any of them when due or at any other time. A demurrer filed to the second special plea was sustained by the court. Appellant elected to stand by its said plea. Issues were joined and the case was tried before a jury, resulting in a verdict and judgment in favor of appellee for $625. To reverse said judgment this appeal is prosecuted.

The grounds relied upon by appellant for a reversal of the judgment in this case are that the court erred in sustaining appellee's demurrer to said second special plea; that the verdict is against the manifest weight of the evidence, and that the court erred in giving appellee's first instruction and in refusing appellant's instruction "D."

The assignment of error on the sustaining of the demurrer to appellant's second special plea was not argued by appellant and therefore, under the rules of this court, is deemed waived.

The record discloses that appellee purchased said automobile, a secondhand Pierce Arrow, in the year

1918, and that she paid therefor the sum of $700. That on July 30, 1919, a policy of insurance was issued thereon by appellant, insuring appellee against loss by fire in an amount not exceeding $625. The evidence further discloses that on September 14, 1920, while driving from Lovejoy to Alton, Illinois, appellee's car caught on fire and was practically destroyed therefrom. Notice was given to appellant of said loss within the time prescribed by said policy.

It is insisted by appellant that appellee falsely represented to appellant company that said automobile was a 1915 model and that she paid therefor the sum of $800, whereas, said automobile was either a 1911 or 1912 model and appellee paid therefor the sum of $700; that these representations were material and that under the application signed by appellee they were made warranties.

The provision of the contract referred to is as follows: "This entire contract shall be void if the subscriber has concealed or misrepresented in writing or otherwise, material facts or circumstances concerning this insurance or the subject thereof; or in case of any fraud of false swearing by the subscriber touching any matter relating to this insurance or the subject thereof, whether before or after loss." The law of this State is well settled in its application to insurance contracts, that a misrepresentation of a material fact, in reliance upon which a contract of insurance is issued, will void the contract. *United States Fidelity & Guaranty Co. v. First Nat. Bank of Dundee,* 233 Ill. 475-481.

Counsel for appellee, however, in answer to this proposition, contend that the statements made by appellee were representations of fact and not warranties and that, so far as the model of the car is concerned, the record discloses that appellee had nothing to do with the filling out of the application, that that was done by the agent of the company, after having in-

spected said car.   Appellee testified, in connection therewith, to the effect that a Mr. Kosly, an agent of appellant, came to the restaurant where she was employed for the purpose of soliciting her to procure a policy of insurance on her said automobile; that after he had explained the different lines of insurance and cost of same, she stated to him that she only wanted collision or fire insurance; that she then took him to where the machine was located and that, after getting what information he wanted, he left; that said agent never said anything to her about the model of the car; that she did not know what "the model" of the car referred to; that the agent got the model of the car off of the machine; and that the figures 1915 in said application were not made by her.   Appellee further testified that Kosly, after having examined the car, went away and that thereafter a Mr. Miller came to see her and stated that she had forgotten to sign the application and asked her to sign the same.   Appellee also testified that she did not read the paper nor did he read it to her, before she signed it.   In the proofs of loss filed by appellee it was stated that the automobile was a 1912 model.   Appellee testified, in reference thereto, that when Mr. Ferguson, an agent of appellant company, and who assisted her in making out the proofs of loss, asked her as to the model of the car, that she stated to him she did not know what it was, but that when she got back home she would look at the policy and 'phone him.   That he replied, "Oh, it is about a 1912"; that that is the way in which the answer in said proof of loss as to the model came to be 1912.   She further testified she does not know whether it was read to her before she signed it or not.   Another document was signed by appellee in connection with proof of loss in which the model of the car was given as 1915.   She further testified in connection thereto it was not in her handwriting; that a Mr. Doscher wrote that in the proof and that he got the date off of the policy.

The evidence on the part of appellant tends to the effect that the questions in the proof of loss were all asked of Mrs. Scott and that her answers thereto were correctly written down in said proof. The evidence, therefore, in reference to these matters being conflicting, it was for the jury to say what the evidence was in regard thereto. If the testimony of appellee to the effect that the agent of appellant examined the automobile in question before the application was taken and that on his examination thereof he filled in the answer with reference to the model of the car be taken as true, then the notice to the agent would be notice to the company and the company would be bound thereby. *Home Ins. Co. of New York v. Mendenhall,* 164 Ill. 458; *Phœnix Ins. Co. v. Stocks,* 149 Ill. 319-329; *Phœnix Ins. v. Hart,* 149 Ill. 513-522; *Weisguth v. Supreme Tribe Ben Hur,* 272 Ill. 541-548.

In *Phœnix Ins. Co. v. Hart, supra,* at page 522, the court says: "The cases are not uniform throughout the country in respect of when notice to or knowledge of the agent, or representations by him, will bind the company. In this State, however, the decisions are uniform that notice to the agent, at the time of the application for the insurance, of facts material to the risk, is notice to the insurer, and will prevent it from insisting upon a forfeiture for causes within the knowledge of the agent. *Atlantic Ins. Co. v. Wright,* 22 Ill. 473; *Farmers' & Merchants' Ins. Co. v. Shesnut,* 50 Ill. 116; *Commercial Ins. Co. v. Ives,* 56 Ill. 402; *Andes Ins. Co. v. Fish,* 71 Ill. 620; *St. Paul Fire & Marine Ins. Co. v. Wells,* 89 Ill. 82; *American Ins. Co. v. Luttrell,* 89 Ill. 314; *Union Ins. Co. v. Chipp,* 93 Ill. 96; *Germania Fire Ins. Co. v. McKee,* 94 Ill. 494; *Phœnix Ins. Co. v. Stocks,* 149 Ill. 319."

We hold, therefore, that the statement in the application to the effect that the model of the automobile in question was 1915 instead of 1912 would not vitiate the

policy and would not, in and of itself, bar appellee from a right of recovery.

We do not think the statement in the application with reference to the value of the car under the provisions of the policy amount to a warranty and we do not think the fact that the application stated the cost of the car to be $800, whereas the evidence shows the cost of the car to have been $700, is, on the record in this case, such a misstatement of fact as will vitiate the policy. The record tends to show that, in addition to the $700 paid by appellee on the purchase of the car, she afterwards purchased accessories, consisting of a new tire, etc., in addition thereto, so that the discrepancy in the representation with reference to the value of the car we do not consider serious.

In *Weisguth v. Supreme Tribe Ben Hur, supra,* the court at page 546 says: "It is only in cases where the policy will admit of no other construction that a statement contained therein will be construed as a warranty. 'The doctrine of warranty, in the law of insurance is one of great rigor and frequently operates very harshly upon the assured, and courts will never construe a statement as a warranty unless the language of the policy is so clear as to preclude any other construction.' *Spence v. Central Accident Ins. Co.,* 236 Ill. 444." We hold, therefore, that the verdict of the jury is not against the manifest weight of the evidence.

It is next insisted that the court erred in giving the first instruction given on behalf of appellee. We have examined this instruction and while it is not as carefully guarded in some of its features as it should have been, we find no substantial objection thereto and hold that there was no reversible error in the giving of the same.

It is next contended by appellant that the court erred in refusing to give instruction "D" offered on behalf of appellant. This instruction is as follows:

"If it becomes necessary for you to determine the amount of damages in this case, the court instructs you that under the terms of the policy in evidence, plaintiff's damages cannot exceed the sum of four hundred fifty ($450) dollars." An examination of the record leads us to the conclusion that the court erred in refusing this instruction.

Among other things, the policy sued on contains the following provisions: "The maximum amount that any subscriber may obtain under the provisions of clauses (a) and (b) of Part I will be determined by the age of the automobile covered; * * * fifth year or season, one-fifth of the list price, and in no case to exceed four hundred fifty dollars ($450.00) on any one automobile."

The record in this case discloses that appellee's automobile had been in use at least 5 years and therefore, under the provisions of the policy, the maximum amount for which she could recover would be $450, and, inasmuch as appellant seems to concede if appellee is entitled to recover, she is entitled to recover $450, the error of refusing this instruction can be cured by a remittitur on the part of appellee. We, therefore, order that if appellee, within twenty days from the filing of this opinion, shall enter a remittitur of $175, so as to reduce the judgment to $450, the judgment will be affirmed; otherwise, the judgment of the trial court will be reversed and remanded for failure to give appellant's instruction "D" and for the reason that the verdict on the record in the case is excessive in the amount stated.

*Affirmed on remittitur; otherwise reversed and remanded.*