## William Wallus, Appellee, v. Insurance Company of North America, Appellant.

1. INSURANCE—*issuance of policy with knowledge of mortgage and other insurance as waiver.* An insurer cannot defeat liability for loss of an insured automobile by fire on the ground that there was a mortgage and other insurance on the car at the time of the issuance of the policy in suit, which provided that in such case the insurer should not be liable, where the agent of the insurer was fully informed at the time the policy was issued as to the existence of the mortgage and other insurance.

2. INSURANCE—*burden of proving false representations on insurer where specially pleaded as defense.* It is not error to instruct the jury that the insurer has the burden of proving that the insured falsely represented that the insured car was not mortgaged and covered by other insurance at the time of the issuance of the policy in suit, where the insurer specially pleaded the alleged false representations as a defense.

3. INSURANCE—*when the making of false representations not admitted by insured in pleadings.* The burden of proving that the insured made false representations as to material facts is not shifted in a suit on the policy for loss sustained thereunder, by any claimed admissions of such fact in plaintiff's pleadings, where his replication to the special plea denies that he made any false answers and concludes to the country.

4. APPEAL AND ERROR—*adherence to theory of case followed in trial.* An insurer, sued for a loss under a policy of fire insurance on an automobile, is estopped to claim, on appeal, that plaintiff made certain admissions in his pleadings, where instructions given by the insurer at the trial of the action assumed that no such admissions had been made.

5. INSURANCE—*when instruction as to burden of proving false representations not erroneous.* In an action against an insurer for a loss under a policy of fire insurance on an automobile, an in-

Vol. CCXXX 20

struction that when the insured proved his declaration the burden of proving alleged false representations, avoiding the policy, shifted to the insurer, is not erroneous where the insurer specially pleaded such false representations as a defense.

Appeal by defendant from the City Court of Granite City; the Hon. SILAS COOK, Judge, presiding. Heard in this court at the March term, 1923. Affirmed. Opinion filed July 2, 1923.

KRAMER, KRAMER & CAMPBELL, LEAHY, SAUNDERS & WALTHER, L. F. OTTOFY and R. E. COSTELLO, for appellant.

J. B. HARRIS, for appellee.

MR. JUSTICE BARRY delivered the opinion of the court.

Appellant insured appellee against the loss of his car by fire. Three months later it was destroyed in that manner and this suit was brought to recover therefor. Appellant filed the general issue and four special pleas and the pleadings continued until rebutters had been filed. No complaint is made as to rulings thereon and as it required sixteen pages of appellant's statement to inform us as to the state of the pleadings, we will not undertake to set them out in detail. It is sufficient to say it clearly appears that upon the trial both sides were of the opinion that the only questions of fact to be decided by the jury were: First, whether appellee falsely represented that there was no mortgage or other insurance on the car; and second, whether appellant knew there was a mortgage and other insurance on it at the time the policy was issued.

Appellee never signed a written application, nor was he asked to do so. The policy recites that he represented and warranted that there was no mortgage on the car. It also contains the following provisions: "It is a condition of this policy that it shall be null and

void: * * * If the interest of the assured in the property be other than unconditional and sale ownership, or if the subject of this insurance be or became encumbered by any lien or mortgage except as stated in warranty No. 3, or otherwise endorsed hereon. * * * Or if at the time a loss occurs there be any other insurance covering against the risks assumed by this policy which would attach if this insurance had not been effected.''

It was stipulated that at the time the policy was issued there was a mortgage for $783 on the car and that the mortgagee had a policy of insurance thereon to cover its mortgage interest. The evidence shows that appellee had paid $78.30 on the mortgage before the policy was issued, and that he never had any insurance on the car except the policy issued by appellant.

Appellee testified that he met appellant's agent on the street and told him he wanted to insure his car; that the agent asked if there was a mortgage on it and he replied that there was one for about $650, or something like that; that the company from which he bought the car had insurance on it to cover the mortgage; that the agent said he could insure the car for $1,500 and it would cost appellee $20 and for him to come to the office and he would fix him up; that he went to the agent's office where he received the policy and paid for it; that he was not asked about the mortgage or other insurance while at the office.

Appellant's agent denied that he had such a conversation on the street and says that when appellee was in the office to get and pay for the policy and while the young lady was preparing it, he is fairly sure that appellee was then asked if the car was mortgaged but could not say whether he was asked if there was other insurance. The young lady testified that both questions were asked appellee and that he made the answers written in the policy. She also said that usually

the agent procured the insurance outside of the office and would jot down the facts and when he returned to the office would give her the necessary information to write the policy. That in this case she got about half the information from appellee and the other half from the agent. There was a conflict in the evidence as to the material facts and it was the peculiar province of the jury to determine who was telling the truth. If appellant's agent was fully informed as to the mortgage and other insurance before he issued and delivered the policy, payment cannot be avoided on the ground that there was a mortgage and other insurance on the property. *American Ins. Co. v. Luttrell,* 89 Ill. 314; *Phenix Ins. Co. v. Stocks,* 149 Ill. 319; *Phenix Ins. Co. v. Hart,* 149 Ill. 513-522.

It is contended that the first and second instructions given for appellee were erroneous because they informed the jury that the burden of proof was upon appellant to show that appellee falsely represented that there was no mortgage or other insurance on the car. That was a matter of defense which appellant pleaded specially for the purpose of avoiding the policy and it had the burden of proving it. *Supreme Tent K. of M. of World v. Stensland,* 206 Ill. 124; *Knights Templars & Masons Life Indemnity Co. v. Crayton,* 209 Ill. 550. Appellant argues, however, that appellee admitted by his pleadings that he had made false answers in regard to those matters and the instructions were erroneous in requiring it to prove admitted facts by a preponderance of the evidence.

By appellee's replication to appellant's third plea he denied having made the false answers and concluded to the country, so the burden remained upon appellant. Then, again, appellant's third, fourth and fifth given instructions were on the theory that before the jury could find a verdict in its favor they must find from the evidence that appellee made the false answers in question. The instructions show that appellant did not then understand that appellee had ad-

mitted by his pleadings that he had made false answers. It cannot be permitted to shift its position in this court.

It is also argued that appellee's first instruction was erroneous in telling the jury that when appellee proved his declaration the burden of proof shifted to the defendant to prove the false representations. As the burden of proof on that question was always on appellant, we fail to .see how the instruction could operate to its detriment. Appellant admits that appellee's third and fourth instructions correctly state the law if the delivery of the policy, with knowledge that there was a mortgage and other insurance on the car, would operate as a waiver. We have already shown that appellant could not avoid payment under such circumstances. By three of its given instructions it recognized the law to be as stated in the instructions given on behalf of appellee.

Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*