DETERMINED IN THE

## FOURTH DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1924.

---

## J. Andrew Watson, Appellee, v. Security Insurance Company, Appellant.

1. INSURANCE—*question of waiver of provision in policy for jury where evidence conflicting.* In an action on a fire insurance policy wherein the testimony was conflicting as to whether agent of insurance company waived a provision in the policy as to method of keeping the books and inventories of the insured, held, that it was for the jury to determine from all the facts and circumstances in evidence where the truth lay.

2. INSURANCE—*waiver of provisions in policy.* Where provisions of a policy of fire insurance are solely for the benefit and protection of the insurance company, the company may waive them or may be estopped to set up violations thereof as ground for avoiding its liability under the policy.

3. INSURANCE—*sufficiency of evidence of waiver of provisions of policy.* In an action on a policy of fire insurance, evidence held to justify jury in finding that insurance agent had made statements amounting to a waiver of provisions of the policy as to method of keeping the books and inventories of the insured.

4. INSURANCE—*inventory by insured.* In an action on a policy of fire insurance containing a provision that in case of loss the insured should produce books and last inventory, held that defendant's contention that plaintiff was not entitled to recover because he was unable to produce books, invoices and inventories could not be sustained, where plaintiff testified that he took an inventory

(1)

four months before the policy was issued, and in this was corroborated by the party who assisted him.

5. APPEAL AND ERROR—*error not assigned cannot be considered.* Complaint by appellant that the trial court erred in sustaining demurrers to certain rejoinders cannot be considered on appeal where no error is assigned as to the court's rulings on the demurrers.

6. APPEAL AND ERROR—*objections not made below will not be considered on appeal.* Where plaintiff demurred to certain rejoinders of defendant but the demurrers were overruled and the case was tried without any sur-rejoinders being filed to the rejoinders, held that having proceeded to trial with the rejoinders unanswered and without any objection or without moving for a judgment thereon, the defendant was in no position on appeal to contend that the matters set forth in the rejoinders, standing uncontradicted, were admitted, and that the court therefore erred in not giving the peremptory instructions asked for by the defendant.

7. INSURANCE—*construction of policy favorable to insured.* In a suit on a fire insurance policy, where the plaintiff's case is meritorious and the defense technical, that construction should be followed as to the law applicable to the terms of the policy which is most favorable to the insured.

Appeal by defendant from the Circuit Court of Fayette county; the Hon. F. R. DOVE, Judge, presiding. Heard in this court at the March term, 1924. Affirmed. Opinion filed July 7, 1924. *Certiorari* denied by Supreme Court (making opinion final).

BROWN & BURNSIDE and CRAIG & CRAIG, for appellant.

WALTER F. BOYE, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellee, J. Andrew Watson, obtained a judgment in the Circuit Court of Fayette county against appellant, the Security Insurance Company, on its policy insuring a country store building and the fixtures and merchandise therein. The policy was for the sum of $2,600.00 and was issued through appellant's agent, C. C. McCormick, on January 28, 1922. The fire occurred on June 28, 1922. The policy contained among others the following provisions:

"Inventory-Iron Safe Clause: (Requirements to keep books and Inventory.) It is made a condition of this insurance: (1) That the assured under this policy shall take an inventory of the stock and other personal property hereby insured at least once every twelve months during the term of this policy, and unless such inventory has been taken within one year prior to the date of this policy, one shall be taken in detail within thirty (30) days thereafter; (2) That the assured shall keep a set of books showing a complete record of business transacted, including all purchases and sales both for cash and credit; (3) That the assured shall keep such books and inventory securely locked in a fireproof safe at night, and at all times when the store mentioned in the within policy is not actually open for business, or in some secure place not exposed to a fire which would destroy the building where such business is carried on; (4) That in case of loss the assured shall produce such books and last inventory. * * *

"This policy is made and accepted subject to the following stipulations and conditions printed on back hereof, which are hereby specially referred to and made a part of this policy, together with such provisions, agreements, or conditions as may be indorsed hereon or added hereto, and no officer, agent or other representative of the company shall have power to waive any provision or condition of this policy except such as, by the terms of this policy, may be the subject of agreement indorsed hereon or added hereto; and, as to such provisions and conditions, no officer, agent or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

The application for the insurance contains the following questions and answers: "Do you agree to keep a regular set of books showing all cash and credit sales and purchases, and the condition of your busi-

ness? Yes. Detailed inventory, when taken last? Sept. 12. What did it amount to? $1,752.00. Do you agree to take a detailed inventory of stock annually? Yes. Do you agree to carefully preserve your detailed inventories of stock taken and invoices of purchases made? Yes. Do you agree to keep your books and papers locked in an iron safe at night and at all times when the store is not actually open for business? No. If not, will you carefully preserve such books and papers in some secure place against any fire that may occur to the property proposed to be insured? Yes."

The pleadings are very voluminous, and it is unnecessary to set them out in this opinion, but it is sufficient to state that they present all the questions assigned as error and argued as reasons for reversal of this judgment. The proof conclusively shows that appellee did not keep his books and inventory securely locked in a fireproof safe at night, and at all times when the store was not actually opened for business, nor in some secure place not exposed to a fire which would destroy the building insured, and that he did not after the loss produce such books and the last inventory as provided in the policy. Appellant insists that appellee's failure in these respects, among others, avoided the contract, and that it was not liable thereunder while appellee contends that appellant by its agent McCormick waived all these provisions of the policy. It is conceded that the application and the policy constitute the contract between the parties. Appellee's answer to the questions in the application on that subject stated that he would not keep his books and inventory in a fireproof safe, but that he would keep them in some secure place not exposed to a fire which would destroy the store building. His books were in fact kept in a box in the store. He testified that at the time the application was made and also when the policy was delivered he told appellant's agent he did not keep such books as were required by

the contract, and that the agent told him the set of books he was keeping would be all right and the policy would not thereby be voided. He further testified that he informed the agent where he was keeping his books and inventories, and that the agent told him this also would be all right, and the contract would not be voided even if they were destroyed by fire. Appellant's agent testified he knew appellee had no iron safe, and that he did tell appellee it was not necessary for him to keep his books and inventory in one, but denied that he told appellee he did not need to keep a different set of books than he was keeping or that he could keep the books and inventories in the store, but stated that he told him he might keep his books and inventories in his home which stood a short distance from the store.

Beyond any question the knowledge of appellant's agent that appellee had no fireproof safe and the fact that the application stated he would not keep his books and inventories in such safe is a waiver on the part of appellant of the provisions in the policy to that effect. This in fact is admitted in appellant's argument. However, appellant contends that the evidence does not show that its agent consented to appellee's failure to keep a correct set of books or that he might keep them and his inventory in the store, and further contends that it was error for the trial court to admit evidence of any verbal agreement between appellant's agent and appellee in this respect for the reason that the same were in violation of and contrary to the express terms of the written contract.

Beyond any doubt the waiver by appellant of the provisions of the policy requiring appellee to keep his books and inventories in a fireproof safe would not in itself waive the provisions of the policy that if not kept in such safe they should be kept in some secure place not exposed to a fire which would destroy the store. If there was a waiver of this latter provision

it must have been by the statements of appellant's agent. As above stated the evidence on this question is flatly contradictory. Appellee testified to such statements and appellant's agents denied them. Under that condition of the proof it was for the jury to determine from all the facts and circumstances in evidence where the truth lay. Assuming that the statements were made as testified to by appellee the questions then arise, were these statements properly admitted in evidence, and if so do they amount to a waiver of these provisions of the contract?

We cannot subscribe to appellant's contention that proof of these statements was proof tending to contradict or vary the terms of the written contract. The provisions of the policy in question were solely for the benefit and protection of appellant and it has been frequently held by the courts of this state that under such circumstances an insurance company may waive such provisions or may be estopped to set up violations thereof as ground for avoiding its liability under the policy. In the case of *Orient Insurance Company v. McKnight*, 197 Ill. 190, the Supreme Court of this state held that under an insurance policy covering certain cribs of corn which provided that the policy should be void if the hazard be increased by any means, the fact that the insured informed the insurance company's agent that he intended to begin shelling the corn with a steam corn sheller would not void the policy even though it did increase the hazard. The policy in that case contained substantially the same provision as the policy in the instant case; that no officer or agent should have the power to waive any provisions of the policy, and the court there said: "Such provisions, being for the benefit of the company, may be waived by it, and when having knowledge of the fact it should not be permitted to retain the money of the insured and treat the policy as in full force until a loss occurs, and then for the first time

seek to avoid the policy.'' In that case our Supreme Court refused to follow the doctrine laid down by the Federal Supreme Court on the subject above referred to in the case of the *Northern Assurance Co. v. Grand View Building Association,* 183 U. S. 308, which is one of the cases strongly relied upon by appellant. In *Phenix Insurance Co. v. Hart,* 149 Ill. 513, the Supreme Court held that knowledge of an agent that the insured had placed a mortgage upon the property covered, in violation of the terms of the policy, was knowledge of the company and amounted to a waiver of that provision of the policy.

Appellant in its argument while in effect admitting that it might be bound by its agent's knowledge of certain facts existing at the time the policy was made, yet insisted it would not be bound by the agent's verbal agreement or statement that appellee would not be required to comply in the future with the provision requiring the keeping of the books and inventories in some safe place other than a fireproof safe. It appears to us however that if appellant would be bound by its agent's waiver or requirement that appellee should keep his books and papers in a fireproof safe when he knew that appellee possessed no safe, it would also be bound by its agent's agreement that they should be kept in the future in some place outside of a safe. The Supreme Court of this state held under a policy containing practically the same provision as to the keeping of the books and papers as in this policy, that if the agent of the insurance company before the delivery of the policy stated to the insured that the requirement in question would not be insisted upon, then the company would be estopped from declining to pay the loss on the ground of noncompliance with such requirement. (*Niagara Fire Insurance Co. v. Brown,* 123 Ill. 356.)

Whatever may be the doctrine of other states, we are of the opinion that this evidence was admissible

under the rules of law followed in this state for the purpose of showing a waiver of those provisions relied upon by appellant to defeat its liability thereunder. We are also of the opinion that the jury was justified in believing from the evidence that the statements were made by appellant's agent as testified to by appellee. Appellant's contention that appellee is not entitled to recover because he was unable to produce books, invoices and inventories as provided by the policy cannot be sustained. He testified that he took an inventory in September before the policy was issued, in January, and in this he was corroborated by the party who assisted him. Complaint is also made by appellant that the court erred in sustaining a demurrer to the second, twelfth and sixteenth rejoinders. While appellant assigned some twenty-nine errors no error is assigned as to the court's rulings on these demurrers and appellant is therefore in no position to raise that question in this court.

It also appears that appellee demurred to certain rejoinders of appellant, but that the demurrers were overruled and the case was tried without any surrejoinders being filed to these rejoinders. The contention in this respect is that the overruling of the demurrers to these rejoinders was in effect to hold that the rejoinders stated a defense to the matters set out in the replications to which they were filed, and that standing uncontradicted the matters therein set forth were admitted, and the trial court therefore erred in not giving the peremptory instructions asked for by appellant. It also appears from the record, however, that appellant proceeded to trial with these rejoinders unanswered and without any objection or without moving for a judgment thereon. Under such circumstances it is the well established doctrine that appellant is now in no position to raise this question. (*Kaestner v. First National Bank,* 170 Ill. 322; *Smith v. Bellrose,* 200 Ill. App. 368.)

Beyond any question the evidence shows the loss of the property insured, and it is also clearly established that the loss amounted to much more than the insurance. Appellee's case is meritorious. The defense is technical, and that construction should be followed as to the law applicable to the terms of the policy which is most favorable to the insured. (*Healy v. The Mutual Accident Association of Northwest*, 133 Ill. 556.) We are of the opinion that the jury was justified in finding under the competent evidence in the case that appellant had through its agent waived the provisions of the policy which it is claimed were violated by appellee. No reversible error appears upon the record, and the judgment should be and is affirmed.

*Affirmed.*